UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
In re:

                               Civ No 2:20-cv-01746-LDH


HAMILTON ROAD REALTY, LLC,

              Appellant(s)


     v.


UNITED STATES TRUSTEE, U.S.
BANK, N.A., REZA NAGHAVI,
TRUSTEE ALLAN B. MENDELSOHN
CHASE HOME FINANCE, LLC, CHASE
MORTGAGE CORP., JANE DOES 1
THROUGH 100, JP MORGAN CHASE
BANK and SELECT PORTFOLIO
SERVICING, INC as servicer for
U.S. Bank, N.A. as Trustee, for the
Chase Mortgage Finance Corporation
Multi-Class Mortgage Pass-Through
Certificates, Series 2006,

              Appellees


----------------------------------------------------X


### APPELLANT'S BRIEF

Law Office of Ronald D. Weiss, P.C.
 Attorney for Appellant Hamilton
 Road Realty, LLC
Ronald D. Weiss, Esq
Michael Farina, Esq.
734 Walt Whitman Road
Suite 203
Melville, NY 11747
(631) 271-3737
weiss@ny-bankruptcy.com
MichaelF@NY-Bankruptcy.com

## TABLE OF CONTENTS

TABLE OF AUTHORITIES………………………………………………iii, iv

JURIDICTIONALSTATEMENT………………………………………1

STATEMENT OF ISSUES PRESENTED……………………………1

STANDARD OF REVIEW…………………………………………………2

STATEMENT OF CASE-RELEVANT FACTS……………………3

SUMMARY OF ARGUMENT…………………………………………5

ARGUMENT……………………………………………………………..9

POINT I

THE BANKRUPTCY COURT COMMITTED REVERSIBLE ERROR BY
CONVERTING THE DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7..8

     A.There was an absence of a reasonable likelihood of rehabilitation for

this Debtor…………………………………………………………….9

     B. The Debtor's Chapter 11 Dispute was essentially a Two Party

Dispute with no equity in the Southampton Property……………………11

POINT II

     THE BANKRUPTCY COURT COURT, WITHOUT
ADEQUATE NOTICE AND OPPORTUNITY TO BE HEARD FOR SUCH
SUGGESTED RELIEF,  COMMITTED REVERSIBLE ERROR BY SUA
SPONTE COMPELLING THE DEBTOR TO MAKE A DECISION
WHETHER TO PROCEED WITH A SALE OF THE REALTY LOCATED
AT 14 SANDRINGHAM LANE, SOUTHAMPTON, NY PURSUANT TO 11
U.S.C. SECTION 363 WHEN THE ONLY MATTER BEFORE THE COURT
AT THAT TIME WAS THE UNITED STATES TRUSTEE'S MOTION TO
DISMISS OR CONVERT………………………………………………15

**POINT III**

**THE BANKRUPTCY COURT COMMITTED REVERSIBLE ERROR BY DENYING THE DEBTOR THE RELIEF OF DISMISSAL WHICH WAS PART OF THE UNITED STATES TRUSTEE'S MOTION, AS THERE WAS AN UNPROVEN IMPLICATION BY THE UNITED STATES TRUSTEE AND THE COURT THAT THE DEBTOR HAD AN UNEXPLAINED LOSS OF ASSETS, WHEN TO PROVE SUCH ALLEGED POTENTIAL FRAUD THERE NEEDED TO BE SPECIFIC ALLEGATIONS OF PROOF ……19**

**CONCLUSION**………………………………………………**24**

**CORPORATE DISCLOSURE STATEMENT PURSUANT TO BANKRUPTCY RULE 8012**…………………………………………....**26**

**APPENDIX WITH EXHIBITS "A" To "G"**…………………………… **27**
**(Exhibits not Page Numbered)**

**CERTIFICATE OF COMPLIANCE**…………………………………**28**

**CERTIFICATE OF SERVICE**………………………………………..**28-31**

ii

# **TABLE OF AUTHORITIES**

## **STATUTES**

11 U.S.C. Section 105(a)……………………………………………………18

11 U.S.C. Section 363……………………………………………………17

Bankruptcy Rule 2002(a)(2) ……………………………………………17

Federal Rule of Bankruptcy Procedure 9014…………………………………..21

Federal Rule of Bankruptcy Procedure 7009…………………………………..21

Federal Rule of Civil Procedure 9(b)…………………………………….21,22

## **CASES**

In re Leatherstocking Antiques, Inc., 2013 WL 5423995 (S.D.N.Y. September 27, 2013) ……………………………………………………………….1

In re Vista Foods U.S.A. Inc. 202 B.R. 499, 500 (10th Cir 1996)…………………..1

Townsend v. Ganci, 566 B.R. 129, 133 (E.D.N.Y. 2017) aff'd sub nom In re Townsend , 726 F. App'x 91 (2d Cir. 2018)………………………………………. 2

In re Hyman 502 F.3d 61, 65 (2d. Cir 2007)………………………………… 2

Lynch v. Vaccaro 566 B.R. 290, 299 (E.D.N.Y. 2017)………………………… 2

Babbit v. Vebeliunas (In re Vebeliunas, 332 F.3d 85, 90 (2d Cir. 2003)…………...2

In re Lynch 590 B.R. 30, 35 (E.D.N.Y. 2018)…………………………………..2

In re Blaise 219 B.R. 946, 950 (2d. Cir. BAP 1998)………………………….2-3

 Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) )……………………………………………………………….3

In re Robbins Int'l, Inc. 275 B.R. 456-464-465 (S.D.N.Y. 2002) ……………….. 3

In re Momentum Mfg. Corp., 25 F.3d 1132, 1136 (2d Cir. 1994)………………..3

In re  Halpern, 229 B.R. 67, 73 (Bankr E.D.N.Y. 1999)……………………….9

In re Lizeric Realty Corp., 188 B.R. 499, 503 (Bankr.S.D.N.Y.1995)…………..9

In re Roma Group, Inc., 165 B.R. 779, 780 (S.D.N.Y.1994)…………………10

In re Taub, 427 B.R. 208, 231 (Bankr. E.D.N.Y. 2010)…………………………10

In re 3868–70 White Plains Road, Inc., 28 B.R. 515, 518(Bankr.S.D.N.Y.1983).10

In re Efron, 529 B.R. 396, 407 (1st Cir. BAP 2015)……………………………11

In re Duratech Industries 241 B.R. 291, 300 Bankr. E.D.N.Y 1999) aff'd  241 B.R. 283 (E.D.N.Y. 1999)……………11-12

In re 3 Ram, Inc, 343 B.R. 113, 119 (Bankr. E.D Pa 2006)…………………….12

In re All Island Truck Leasing Corp., 546 B.R. 522, 533 (Bankr. E.D.N.Y.2016).14

In re Dockweiler, 2014 WL 1273695 (9th Cir. BAP March 20, 2014)……………14

In re Gallagher 283 B.R. 342, 344 (Bankr.M.D. Fl 2002)………………………14

*In re Tobin,* 202 B.R. 339, 340 (Bankr. D.R.I. 1996)...............................14

*In re Childers*, 526 B.R. 608, 613 (Bankr. D. SC 2015)............................14

*In re Boarders Group, Inc.*, 453 B.R. 477 (Bankr.S.D.N.Y. 2011)................17

*In re Matter of Motors Liquidation Company*, 829 F3d 135 (2d Cir. 2017)......17

*In re Smart World Technologies, LLC* 423 F3d 166, 184 (2d Cir 2015)...........18

*New England Dairies, Inc. v. Dairy Mart Convenience Stores, Inc. (In re Dairy Mart Convenience Stores, Inc.),* 351 F.3d 86, 91–92 (2d Cir.2003)................18

*Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206–07, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988)...............................................................18

*In Re Musicland Holding Corp.*, 398 BR 761, 773 (Bankr. S.D.N.Y. 2008)....22

*Krause v. Forex Exch. Mkt., Inc.,* **356 F.Supp.2d 332, 338 n. 49 (S.D.N.Y.2005)**..22

*Rombach v. Chang,* 355 F.3d 164, 171 (2d Cir.2004)...........................22

*Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir.1994)...........22

*In re Paracelsus Corp.Sec. Litig.* 61 F.Supp 2d 591, 595 (S.D.Tex 1998).......22

*Campaniello Imports, Ltd. v. Saporiti* S.P.A. 117 F3d 655 663 (2d Cir 1997)...22

*O'Brien v. National Property Analysts Partners,*936 F.2d 674, 676 (2dCir.1991)..21

*Acito v. IMCERA Group, Inc.,* 47 F.3d 47, 51 (2d Cir.1995).................23

## **OTHER AUTHORITY**

Office of the United States Trustee's Handbook (Page 4-14 and 4-16)........13, 14

## JURISDICTIONAL STATEMENT

The United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") had jurisdiction over this matter pursuant to 28 U.S.C. Section 157(b)(1). On February 12, 2020, the Honorable Robert E. Grossman granted the Motion of the United States Trustee converting the Debtor's Chapter 11 case to Chapter 7 pursuant to 11 U.S.C. Section 1112(b). This Order was entered on February 14, 2020. An Order Dismissing or Converting a case is a final appealable order pursuant to 28 U.S.C. Section 158(a)(1). See In re Leatherstocking Antiques, Inc., 2013 WL 5423995 (S.D.N.Y. September 27, 2013) accord In re Vista Foods U.S.A. Inc. 202 B.R. 499, 500 (10th Cir 1996).This Court has jurisdiction to hear Appellant's appeal of the Bankruptcy Court's Decision and Order pursuant to 28 U.S.C. Section 158(a).

## STATEMENT OF ISSUES PRESENTED

1. Did the Bankruptcy Court commit reversible error by converting the Debtor's Chapter 11 Case to Chapter 7 instead of dismissing same, given that both the Court and the United States Trustee referred to this case as a "two party dispute"?

2. Did the Bankruptcy Court commit reversible error by sua sponte compelling the Debtor to make a decision whether to proceed with a sale of the realty located at 14 Sandringham Lane, Southampton, NY pursuant to 11 U.S.C.

1

Section 363 when the only matter before the Court at that time was the United States Trustee's Motion to Dismiss or Convert, without adequate notice and opportunity to be heard for such suggested relief ?

      3.   Did the Bankruptcy Court commit reversible error by denying the Debtor the relief of dismissal which was part of the United States Trustee's Motion, when there was an unproven implication by the United States Trustee and the Court that the Debtor had an unexplained loss of assets, when to prove such alleged potential fraud there needed to be specific allegations of proof ?

## STANDARD OF REVIEW

On appeal, the District Court reviews the Bankruptcy Court's "legal conclusions de novo and its factual findings for clear error." *Townsend v. Ganci*, 566 B.R. 129, 133 (E.D.N.Y. 2017) aff'd sub nom *In re Townsend* , 726 F. App'x 91 (2d Cir. 2018).  The District Court reviews the Bankruptcy Court's findings of fact for clear error and exercises de novo review as to the Bankruptcy Court's conclusions of law. See *In re Hyman* 502 F.3d 61, 65 (2d. Cir 2007); *Lynch v. Vaccaro* 566 B.R. 290, 299 (E.D.N.Y. 2017). "Mixed questions of fact and law are subject to de novo review" *Babbit v. Vebeliunas* (*In re Vebeliunas*, 332 F.3d 85, 90 (2d Cir. 2003). The District Court reviews the Bankruptcy Court's exercise of discretion under an abuse of discretion standard. See *In re Lynch* 590 B.R. 30, 35 (E.D.N.Y. 2018) citing  *In re Blaise* 219 B.R. 946, 950 (2d. Cir. BAP 1998) ("[A]n order converting a bankruptcy

case for cause is reviewed for an abuse of discretion.") "A bankruptcy court abuses

its discretion if it bases its decision on an erroneous view of the law or clearly

erroneous factual findings." *In re Blaise,* 219 B.R. at 950 *(citing Cooter & Gell v.*

*Hartmarx Corp., 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)* . "A finding

of fact is clearly erroneous when, although there is evidence to support it,

the reviewing court on the entire evidence is left with the definite and firm

conviction that a mistake has been committed.... Factual findings must be upheld if

plausible in light of the record viewed in its entirety." *In re Robbins Int'l, Inc., 275*

*B.R. 456, 464-65 (S.D.N.Y. 2002)* (internal quotations, citations omitted). The

Bankruptcy Court's legal conclusions are reviewed de novo. See *In re Momentum*

*Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994).


## STATEMENT OF CASE RELEVANT FACTS

Appellant filed a voluntary petition for relief under Chapter 11 of the United

States Bankruptcy Code on April 10, 2019. The Debtor's primary asset was

residential real estate located at 14 Sandringham Road, Southampton New York

11568 (the "Southampton Property"). The primary impetus for the Debtor's Chapter

11 filing was to prevent a foreclosure sale of the premises by Select Portfolio

Servicing/US Bank.

The Debtor's perceived goal during the Chapter 11 was to obtain DIP

Financing or attempt to work out a possible loan modification with the secured

creditor. In furtherance of that end, the Debtor filed a Motion to Enter into a post-

petition lease with Carolyn Cao for the sum of $6,000.00 per month pursuant to 11 U.S.C. Section 364 and Bankruptcy Rule 4001 (c) or (d) (App Rec 2, Pages 45-60).

While the case proceeded forward, the Office of the United States Trustee filed a Motion to Dismiss/Convert the Debtor's case to Chapter 7 (App Rec 2, Pages 65-75). It should be noted that the Debtor's former Counsel had filed a Motion to Dismiss the Debtor's Chapter 11 Case (App Rec 2, Pages 61-64), but due to an eventual communications breakdown between the Debtor and former Counsel, that Motion was never prosecuted, and former Counsel was then relieved as Counsel to the Debtor in Possession.

According to the United States Trustees Motion to Dismiss/Convert, the United States Trustee alleged that the Debtor: (i) failed to file an Operating Report for October 2019 (App Rec 2, Page 67) and (ii) failed to attach any bank statements to its Operation Reports for April to June 2019 (App Rec 2, Page 68). The United States Trustee also claimed that Debtor's August DIP Statement showed that the Debtor transferred $24,550.0 to a non-DIP Account and in the September 2019 Report transferred $24,550.00 to another non-DIP Account (App Rec 2, Page 68). The Office of the United States Trustee also acknowledged in its Motion that "the sole creditor of this estate is the Mortgagee whose liens are encumbering the Property" (App Rec 2, Page 74).

At the Court hearing on the Trustee's Motion to Dismiss/Convert, the Court noted the matter was a "two party dispute" (February 12 Transcript Page 7 Line 22) Also at that time, the Court *sua sponte* suggested that the Debtor consent to a possible Section 363 sale of the Southampton Property as a means of possibly keeping the Debtor in Chapter 11 and satisfy the claim of the mortgagee (February 12 Transcript Page 15 Lines 23-24). Ultimately, the Court converted the case to Chapter 7 by Order of the Court entered on February 14, 2020 (App Rec 2, Pages 95-96). The Debtor filed an Appeal of this Order on February 28, 2020.

At the hearing held on the United States Trustee's Motion to Dismiss or Convert, the Court did not allow Debtor's Counsel with a sufficient opportunity to speak or consult with his client. The Debtor was presented, without advance notice, of a possible alternative to either dismissal or conversion via a sale of the Southampton Property by a sale under 11 U.S.C. Section 363. The Debtor was unable to make an informed business decision at the hearing held on the United States Trustee's Motion to Dismiss/Convert right there on the spot and the Debtor's Chapter 11 Case was converted. The Order was entered on February 14, 2020 and the Debtor filed a Notice of Appeal of the Order Converting the Debtor's Case to Chapter 7 on February 28, 2020.[1]

## **SUMMARY OF ARGUMENT**

The Bankruptcy Court committed reversible error by converting the Debtor's Chapter 11 Case to Chapter 7. As acknowledged by the Court at the initial case conference held on May 20, 2019, the Court had considered that the Debtor's Chapter 11 case was problematical, stating that there was "no reorganization" and that the Debtor "…earns no money. It owes money" (May 20 Transcript Page 4 Lines 18-21). The Court then went further on to state that it was just going to "get rid of this" further stating that "There was no reason for it. It's a secured Debtor, a

---

[1] References by Appellant to the Record on Appeal shall be cited as "App Rec ___" referencing both the District Court Docket number and page number. References to the transcript of the Initial Case Conference held on May 20, 2019 shall be referred to as the "May 20 Transcript" with Page Number(s) and Line(s) and to the transcript of the United States Trustee's Motion to Dismiss/Or Convert on February 12, 2020 as the "February 12 Transcript" with Page Number(s) and Line(s). The Bankruptcy Docket will be referred to as "Bankruptcy Docket" with Item #.

secured creditor. And somebody who owns a house with no income. ´ (May 20

Transcript Page 5 Lines 9-13).

The case thereafter proceeded along. The Office of the United States Trustee

thereafter made its Motion to Dismiss and/or Convert the Debtor's case to Chapter 7

(APP Rec 2, Pages 65-75). At the Court hearing on the United States Trustee's

Motion to Dismiss/Convert, the United States Trustee claimed that there had been a

post-petition transfer of $24,000.00, implying that there may have been some

fraudulent activity and/or unauthorized post-petition transactions by the Debtor (App

Rec 2, Page 68). The United States Trustee stated that the Debtor was to provide an

explanation for transfers from the non-Debtor bank accounts and post-petition

deposits. The United States Trustee was also concerned about the collection of rental

income. By letter dated January 28, 2020, the Law Office of Wayne Greenwald,

ostensibly on behalf of the Debtor, wrote a letter to which attempted to address the

concerns raised by the Office of the United States Trustee in their Motion to Dismiss

or Convert by A.)providing copies of checks from the DIP account; B.) bank

statements from the DIP account; C.) a statement from the DIP account showing the

accounts balance on January 22, 2019 - $33,454.68, which was roughly the rental

payments collected by the Debtor ; D.) a declaration attesting that the Debtor had no

pre-petition bank accounts to Case 8-19-72596-reg  E.) the Debtor's filed monthly

operating report for December, 2019; F. ) an accounting of the Debtor's income and

expenses from the case's inception through December 4, 2019. This accounting

6

showed the August - September, 2019, transition between accounts due to a lost check book and account records and G.) payments of U.S. Trustee fees with DIP checks (App Rec 2, Pages 76-94). The Debtor's submission on January 28, 2020 clearly demonstrated therein that the Debtor accounted for all rental payments deposited (App Rec 2, Pages 79-90) and as well as providing an accounting of all of the Debtor's income and expenses from the case inception to December 4, 2019 (App Rec 2, Page 84).

At the adjourned hearing on the Trustee's Motion to Dismiss or Convert held on February 12, 2020, the Bankruptcy Court noted that the Debtor's Chapter 11 case was "essentially a two party dispute" (February 12 Transcript Page 7, Line 22) and that there was no equity in the property(February 12 Transcript Page 8, Lines 21-22). The Court also acknowledged that there was no opportunity to reorganize, in that the Debtor failed to pay real estate taxes for the Southampton Property and that the matter was a two party dispute (February 12 Transcript Page 13, Lines 15-17).

The Law Office of Wayne Greenwald, upon behalf of the Debtor's principals, attempted to provide explanations to the Court in order to address the Court's concerns but was essentially directed not to speak. The Court then *sua sponte*, without any notice brought up the "option" of a sale of the Southampton Property under 11 U.S.C. Section at the February 12 Hearing. The Debtor was required at that time to decide whether to agree to a Section 363 sale of the premises, stating:

7

"Either you want the case for the Chapter 7 Trustee or you want a 363 sale. It doesn't take much analysis. Give me the answer" (February 12 Transcript Page 17, Lines 4-6). Not satisfied with the Debtor's attempt to respond, the Court then decided to convert the case to Chapter 7. When Debtor's Counsel, Pablo Busto, Esq., requested to be heard, the Court declined to entertain his input. (February 12 Transcript at Page 17, Lines 22-23). The Court did not even acknowledge Mr. Greenwald's submission which attempted to address the concerns raised by the Office of the United States Trustee in its Motion to Dismiss/Convert (App Rec 2, Pages 76-94).

The Bankruptcy Court, based upon the facts of this case, should have dismissed the Debtor's Chapter 11 Case. The present Chapter 11 case was essentially a two-party dispute with no ability to reorganize. The Court also acknowledged that the Debtor had no income to reorganize and that there was no equity in the Southampton Property. The only matters before the Court at the hearing held on February 12, 2020 was the United States Trustee's Motion to Dismiss or Convert, but the Court, without notice, directed that the Debtor consent to selling the Southampton Property via a sale under 11 U.S.C. Section 363. The Trustee also implied that there may have been some fraudulent activity by the Debtor by referencing that fact that the Debtor's August DIP Statement showed that the Debtor transferred $24,550.0 to a non-DIP Account and in the September 2019 Report transferred $24,550.00 to another non-DIP Account. However, there was no specific allegations of fraud pleaded in the United States Trustee's Motion. Moreover, the

8

Debtor's submission on January 28, 2020 which addressed the United States
Trustee's concerns, was not even mention at the Court hearing held on February 12,
2020.

## ARGUMENT

### I.

## THE BANKRUPTCY COURT COMMITTED REVERSIBLE ERROR BY CONVERTING THE DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7

**A. There was an absence of a reasonable likelihood of rehabilitation for this Debtor.**

Under 11 U.S.C. Section 1112(b)(1), the Court shall convert a case under
Chapter 11 to Chapter 7 or dismiss a case under Chapter 11 for cause. One of the
examples of cause under 11 U.S.C. Section 1112(b) is found under 4(A), which
includes

"substantial or continuing loss to or diminution of the estate and the absence of
a reasonable likelihood of rehabilitation"

It has been established by precedent that "[C]ourts will dismiss Chapter 11
cases under 11 U.S.C. Section 1112(b) where the debtor lacks the ability to formulate
a plan or carry one out." *In re Halpern*, 229 B.R. 67, 73 (Bankr. E.D.N.Y. 1999)
citing *In re Lizeric Realty Corp.,* 188 B.R. 499, 503 (Bankr.S.D.N.Y.1995). A lack
of assets makes an effective plan of rehabilitation unlikely and provides support for

9

a dismissal. *In re Roma Group, Inc.,* 165 B.R. 779, 780 (S.D.N.Y.1994). 11 U.S.C.

Section 1112(b)(4)(A) provides that cause to convert or dismiss a case may include

"substantial or continuing loss to or diminution of the estate and the absence of a

reasonable likelihood of rehabilitation". One indication of continuing loss to the

bankruptcy estate is negative cash flow after the bankruptcy case is commenced. *In

re Taub,* 427 B.R. 208, 231 (Bankr. E.D.N.Y. 2010) citing *In re 3868–70 White

Plains Road, Inc.,* 28 B.R. 515, 518 (Bankr.S.D.N.Y.1983) (finding estate suffered

continuous loss where "[t]he debtor has been unable to make any payments to its first

mortgagee during the [six-month] pendency of this case").

It is clear that these factors are present here. The Court noted at the Initial

Case conference that there was "no reorganization" and that the Debtor "…earns no

money. It owes money" (May 20 Transcript Page 4, Lines 18-21). The Court then

went further on to state that it was just going to "get rid of this" further stating that

there was "There was no reason for it. It's a secured Debtor, a secured creditor."

This further demonstrated cause for dismissal at the hearing on the United States

Trustee's Motion to Dismiss/Convert held on February 12, 2020, wherein the Court

specifically stated:

10

THE COURT:

"So I have a Debtor. Doesn't pay the post petition real estate taxes. Didn't pay the mortgage for years. It's a two-party dispute." (February 12 Transcript at Page 13, Lines 15-17.

This infirmity is also acknowledged in the United States Trustee's Motion to Dismiss/Convert:

"Although the Property is currently occupied and generates a regular monthly rental income of $6,000, the Debtor has failed to make any post-petition mortgage payments or real estate taxes" (APP Rec 2, Page 66)

Based upon the aforementioned, there was clearly no chance that this Debtor, which had no income and was unable to satisfy its post-petition obligations, could rehabilitate itself. Despite all of these facts, the Court decided to convert the Debtor's case to Chapter 7, rather than dismiss the Debtor's Chapter 11 case under 11 U.S.C. Section 1112(b)(4).

**B. The Debtor's Chapter 11 Dispute was essentially a Two-Party Dispute with no equity in the Southampton Property**

It has been established by precedent that a mere two-party dispute between the Debtor and a creditor is grounds for dismissal of a Chapter 11 Case. A significant factor in favor of dismissing a case is the absence of a true Bankruptcy Case. A two-party dispute between the Debtor and a single creditor constitutes one of these factors. See *In re Efron*, 529 B.R. 396, 407 (1st Cir. BAP 2015) citing *In re Duratech*

*Industries*, 241 B.R. 291, 300 (Bankr.E.D.N.Y. 1999) *aff'd* 241 B.R. 283 (E.D.N.Y.

1999) (dismissing/suspending Chapter 11 Bankruptcy Case where debtor had pending

business tort litigation against a creditor in state court and resolution of the bankruptcy

depended entirely on the outcome of the state court proceeding). See also *In re 3 Ram,*

*Inc*, 343 B.R. 113, 119 (Bankr. E.D Pa 2006) finding "cause" to dismiss a case under

11 U.S.C. Section  1112(b) on the grounds that same was a two party dispute and

there was no reorganization in progress.

        As acknowledged several times by the Court, this matter was essentially a

two-party dispute between the Debtor and the secured creditor, Select Portfolio

Servicing/US Bank which held the note and mortgage securing the Southampton

Property. As stated by the Court at the Initial Case Management Conference:

 "There was no reason for it. It's a secured Debtor, a secured creditor. And somebody

who owns a house with no income."

(May 20 Transcript Page 5 Lines 9-13).

And on the hearing on the U.S Trustee's Motion to Dismiss/Convert

 "So I have a Debtor. Doesn't pay the post petition real estate taxes. Didn't pay the
mortgage for years. It's a two-party dispute." (February 12 Transcript at Page 13,
Lines 15-17).

        Even when referring to the Office of the United States Trustee's Motion to

Dismiss/Convert, the United States Trustee specifically states at Page 2 of same that

"The mortgagee appears to be the only creditor in this Chapter 11 case. Therefore,

the Debtor cannot reorganize without resolving its dispute with the sole creditor" (APP Rec 2, Page 66). The United States Trustee also alleged in its motion that:

" The sole asset of this estate is the Property which is encumbered by the sole creditor's liens. Unless the two-party dispute is resolved, it appears that the Debtor will not be able to confirm a plan of reorganization" (APP Rec 2, Page 74).

Along this same line of reasoning, the primary or main beneficiary in a Chapter 7 Liquidation of the Southampton Property would be the mortgagee, Select Portfolio Servicing/US Bank.

According to Office of the United States Trustee's Handbook at Page 4-14, a trustee may sell assets only if the sale will result in a meaningful distribution to creditors. In evaluating whether an asset has equity, the trustee must determine whether there are valid liens against the asset and whether the value of the asset exceeds the liens. If the sale will not result in a meaningful distribution to creditors, the trustee must abandon the asset.

In the present situation, the Southampton Property is encumbered by a note and mortgage in favor of Select Portfolio Servicing/US Bank.  The Court stated that there was no equity in the premises at the hearing on the Trustee's Motion to Dismiss/Convert. "There is no equity because the thing is underwater" (February 12 Transcript at Page 8, Lines 21-22).  Essentially a sale of the Southampton Property will only benefit the secured creditor, Select Portfolio Servicing/US Bank

13

As stated in the case of *In re All Island Truck Leasing Corp.*, 546 B.R. 522, 533 (Bankr. E.D.N.Y. 2016) according to the Office of the United States Trustee's Handbook at page 4-16, "….a trustee should not sell property subject to a security interest unless the sale generates funds for the benefit of unsecured creditors. A secured creditor can protect its own interests in the collateral subject to its security interest."

A Chapter 7 Trustee may sell property under Section 363, but such a sale is generally for the benefit of unsecured creditors and not the benefit of secured creditors of the Debtor. See *In re Dockweiler,* 2014 WL 1273695 (9th Cir. BAP March 20, 2014) citing *In re Gallagher* 283 B.R. 342, 344 (Bankr.M.D. Fl 2002) and *In re Tobin,* 202 B.R. 339, 340 (Bankr. D.R.I. 1996) ("Administration of assets by Chapter 7 Trustees, where the property is clearly over-encumbered by valid liens, in no way comports with their obligation to enhance the estate for the benefit of unsecured creditors and to expeditiously close the estate".) Equity is normally necessary to realize a distribution to unsecured creditors and to justify a sale, and courts generally decline approval when a secured creditor is the only or primary beneficiary of a sale.   See *In re Childers*, 526 B.R. 608, 613 (Bankr. D. SC 2015) citing *Dockweiler, Id* at *4.

Besides the Court's acknowledgement that there was no equity in the Southampton Property, the mortgagee, Select Portfolio Servicing/US Bank, filed a Motion to Vacate Stay as to the Southampton Property (Bankruptcy Docket # 137).

According to paragraphs 11-12 of the Affidavit submitted in support of same, the mortgagee is owed $1,674,286.82 on its secured claim while the Southampton Property is valued at $1,600,000.00. Predicated upon same, as the Southampton Property is over-encumbered, a sale of the premises will only benefit the secured creditor. There will be no benefit for unsecured creditors. Accordingly, liquidation of the Southampton Property under these circumstances would not result in any meaningful distribution to unsecured creditors and would be prohibited by the Office of the United States Trustee. In this scenario, the only entity which would benefit from a sale of the Southampton Property would be the mortgagee, Select Portfolio Servicing/US Bank. Since the mortgagee can protect its own interests in the collateral subject to its security interest, there is no point in proceeding with a Chapter 7 liquidation of the Southampton Property as there will be no distribution for unsecured creditors from a sale of same.

## II.

**THE BANKRUPTCY COURT, WITHOUT ADEQUATE NOTICE AND OPPORTUNITY TO BE HEARD FOR SUCH SUGGESTED RELIEF, COMMITTED REVERSIBLE ERROR BY SUA SPONTE COMPELLING THE DEBTOR TO MAKE A DECISION WHETHER TO PROCEED WITH A SALE OF THE REALTY LOCATED AT 14 SANDRINGHAM LANE, SOUTHAMPTON, NY PURSUANT TO 11 U.S.C.**

## SECTION 363 WHEN THE ONLY MATTER BEFORE THE COURT AT THAT TIME WAS THE UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT

On February 12, 2020, the only matter before the Court at that time was the United States Motion to Dismiss/or Convert. During the course of that hearing, the Court brought up the directive that the Debtor engage in a sale of the Southampton Property under 11 U.S.C. Section 363. (See February 12 Transcript at Page 15 at Lines 19-24):

THE COURT:

"Well, I'll tell you what. I'll give your client a couple of options

Here which are going to be reduced if you keep bothering me.

Either we can hurt the case through Chapter 7 and let the Trustee sell it.

Or I'll do a 363 sale and let the Chapter 11 Debtor [inaudible] up for sale."

The Debtor's Counsel appeared unprepared for this change of approach by the Court. As evidenced by the following colloquy:

THE COURT:

"There's an awful lot of discussion for a single point question. Either you

Want the case for the Chapter 7 Trustee or you want a 363 sale. It doesn't take that

much analysis. Give me one Answer

MR. BUSTO: "Your Honor, may I  [inaudible]"

16

THE COURT:

"No you can't. All I want from you lawyers is an answer to my question.

(See February 12 Transcript at Page 17, Lines 3-9).

No one was able to give the Court an acceptable answer to this question and the case was thereafter converted to Chapter 7.

11 U.S.C. Section 363(b)(1) provides that the Trustee, after a Notice and hearing,  may use, sell or lease, other than in the ordinary course of business, property of the Estate....

According to Bankruptcy Rule 2002(a)(2), the proposed use, sale or lease of property of the estate, other than in the ordinary course of business, must be on at least 21 days' notice of motion.

Even a sale of de-minimis assets could not be approved except upon appropriate notice. *In re Boarders Group, Inc.*, 453 B.R. 477 (Bankr.S.D.N.Y. 2011) Additionally, the notice requirement of due process also applies to Bankruptcy Proceedings. *In re Matter of Motors Liquidation Company*, 829 F3d 135 (2d Cir. 2017).

An argument could be made that the Bankruptcy Court could involve its equitable powers for the purpose of selling the Southampton Property pursuant to 11 U.S.C. Section 105(a).

Under 11 U.S.C. Section 105(a):

"The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

It has been established by precedent that 11 U.S.C. Section 105 limits the bankruptcy court's equitable powers.  The statutory language supports this limit on the equitable powers of the bankruptcy court. The equitable power conferred by section 105(a) is the power to exercise equity in carrying out the *provisions* of the Bankruptcy Code, rather than to further the purposes of the Code generally, or otherwise to do the right thing. This language suggests that an exercise of section 105 power be tied to another Bankruptcy Code section and not merely to a general bankruptcy concept or objective. *In re Smart World Technologies, LLC* 423 F3d 166, 184 (2d Cir 2015). See also *New England Dairies, Inc. v. Dairy Mart Convenience Stores, Inc. (In re Dairy Mart Convenience Stores, Inc.),* 351 F.3d 86, 91–92 (2d Cir.2003)  (finding § 105(a) inapplicable where no provision of the Bankruptcy Code could be invoked to support appellant's claim for relief); *see also Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206–07, 108 S.Ct. 963, 99 L.Ed.2d 169

18

(1988) ("[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code.").

A sale of property of the Estate under 11 U.S.C Section 363(b) can only occur after a notice and hearing. The Court cannot use section 105(a) to *sua sponte* order a sale of estate property, as property of the Estate is controlled by other confines of the Bankruptcy Code, specifically 11 U.S.C. Section 363.

Since the Debtor and its Counsel were totally unaware of the fact the Court was going to turn the United States Trustee's Motion to Dismiss/Convert into a Section 363 Motion, the Debtor was deprived of procedural due process by the Court's *sua sponte* directive.

## III.

**THE BANKRUPTCY COURT COMMITTED REVERSIBLE ERROR BY DENYING THE DEBTOR THE RELIEF OF DISMISSAL WHICH WAS PART OF THE UNITED STATES TRUSTEE'S MOTION, AS THERE WAS AN UNPROVEN IMPLICATION BY THE UNITED STATES TRUSTEE AND THE COURT THAT THE DEBTOR HAD AN UNEXPLAINED LOSS OF ASSETS, WHEN TO PROVE SUCH ALLEGED POTENTIAL FRAUD THERE NEEDED TO BE SPECIFIC ALLEGATIONS OF PROOF**

In reviewing the United States Trustee's Motion to Dismiss/Convert, the United States Trustee alleged that while the Debtor provided a specimen Debtor-In-Possession check bearing account number 7865 ("DIP"), to the United States Trustee, the Debtor had failed to provide any proof that the Debtor's pre-petition

19

bank accounts are closed. The Debtor had failed to attach any DIP bank statements to its April, May and June 2019 MORs. The Debtor's July 2019 DIP bank statement that was attached to its July 2019 MOR showed two deposits in the aggregate amount of $12,000. The Debtor attached a copy of the DIP August 2019 bank statement ("August DIP Statement") to its August 2019 MOR. The August DIP evidenced deposits from a non-DIP "Evolve Vacation Transfer" in the aggregate amount of $14,133.05. The August DIP Statement also showed a transfer of $24,550 to a non-DIP account bearing account number 0665 ("0665") on August 19, 2019. The Debtor attached a non-DIP account statement bearing account number 8220 ("8220") to its September 2019 MOR which showed a transfer of $24,550 from a non-DIP account bearing account number 8086 ("8086") to the 8220 on September 3, 2019. 11. (APP Rec 2, Page 68).

The Debtor attempted to provide the United States Trustee with an explanation concerning these discrepancies. By letter dated January 28, 2020, the Law Office of Wayne Greenwald, ostensibly on behalf of the Debtor and Debtor's principals, wrote a letter to Chambers which attempted to address the concerns raised by the Office of the United States Trustee in their Motion to Dismiss or Convert by A) providing copies of checks from the DIP account; B.) bank statements from the DIP account; C.) a statement from the DIP account showing the accounts balance on January 22, 2019 - $33,454.68; D.) a declaration attesting that the Debtor had no pre-petition bank accounts  E.) the Debtor's filed monthly operating report for December, 2019;

20

F. ) an accounting of the Debtor's income and expenses from the case's inception through December 4, 2019. This accounting showed the August - September, 2019, transition between accounts due to a lost check book and account records and G.) payments of U.S. Trustee fees with DIP checks (App Rec 2, Pages 76-94). The Debtor's submission on January 28 2020 clearly demonstrated therein that the Debtor accounted for all rental payments deposited (App Rec 2, Pages 79-90) as well as providing an accounting of all of the Debtor's income and expenses from the case inception to December 4, 2019 (App Rec 2, Page 84). Unfortunately, this submission was not considered by the Bankruptcy Court at the hearing on the United States Trustee's Motion to Dismiss/Convert.

The United States Trustee implied at the hearing date that there may have been fraudulent activity on behalf of the Debtor in support of its Motion to Dismiss/Convert. However, according to Federal Rule of Bankruptcy Rule 7009 (which incorporates by reference Federal Rule of Civil Procedure 9), under Federal Rule of Civil Procedure 9(b), in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Under Bankruptcy Rule 9014, Bankruptcy Rule 7009 applies to contested matters such as motions, which would include the Office of the United States Trustee's Motion to Dismiss/Convert.

Federal Rule of Civil Procedure 9(b) requires the plaintiff to plead fraud with particularity. Even where fraud is not an element of the claim, the allegations must

satisfy  Federal Rule of Civil Procedure 9(b)  if the claim is based on fraudulent conduct. See *In Re Musicland Holding Corp.*, 398 BR 761, 773 (Bankr. S.D.N.Y. 2008) citing *Krause v. Forex Exch. Mkt., Inc.,* 356 F.Supp.2d 332, 338 n. 49 (S.D.N.Y.2005); *see Rombach v. Chang,* 355 F.3d 164, 171 (2d Cir.2004)("Rule 9(b) ... is not limited to allegations styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action.").

Although *scienter* may be pleaded generally, the pleader must "allege facts that give rise to a strong inference of fraudulent intent." *Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir.1994) *superseded by statute on other grounds, as stated in In re Paracelsus Corp. Sec. Litig.*, 61 F.Supp.2d, 591, 595 (S.D. Tex 1998)

It has been established by precedent that Rule 9(b) is designed "provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from 'improvident charges of wrongdoing'....." *Campaniello Imports, Ltd. v. Saporiti* S.P.A. 117 F3d 655 663 (2d Cir 1997) *O'Brien v. National Property Analysts Partners,* 936 F.2d 674, 676 (2d Cir.1991). Consequently, Rule 9(b) requires that "the circumstances of fraud or mistake be pleaded with particularity," but also provides that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." In order to avoid abuse of the less stringent requirement for pleading scienter, however, plaintiffs are required to "allege facts that give rise to a strong inference of fraudulent intent." *Shields v.*

22

*Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir.1994); *see also Acito v. IMCERA Group, Inc.,* 47 F.3d 47, 51 (2d Cir.1995).

In the present scenario, while the United States Trustee raised valid concerns regarding the Debtor's ability to propose a successful plan of reorganization and the presence of possible unexplained post-petition transfers, the Debtor made a valid attempt to explain same. The Law Office of Wayne Greenwald also attempted to assist the Debtor but was basically overridden and not permitted to speak at the February 12 hearing.

The Debtor once again attempted to explain all of the infirmities with the arguments raised in the United States Trustee's Motion to Dismiss/Convert in its Stay Pending Appeal  (APP Rec 2, Page 98), stating ostensibly that Mr. Greenwald's letter had been ignored  and that the Debtor had provided an accounting of all rents received and an explanation for the DIP account and that it has maintained adequate insurance. Unfortunately, this explanation was similarly rejected.

By virtue of the foregoing, as the allegations of fraud implied in the United States Trustee's Motion had not been pled with particularity under Federal Rule 9(b), the Court committed reversible error  by allowing these allegations to influence its decision in converting the Debtor's Chapter 11 case to Chapter 7, rather than dismissing same.

## CONCLUSION

The Bankruptcy Court committed reversible error in converting the Debtor's case to Chapter 7 instead of dismissing same under 11 U.S.C. Section 1112(b). The matter is essentially a two-party dispute involving realty that is fully encumbered by the lien of the secured creditor. A liquidation of the Southampton Property under these circumstances will not benefit general unsecured creditors. Further grounds in support of dismissal are found under Section 1112(b)(4)(A), in that the Debtor was incurring substantial or continuing loss to or diminution of the estate and there was no chance of a reasonable likelihood of rehabilitation. The Debtor was unable to propose a Chapter 11 Plan. The Bankruptcy Court denied the Debtor of due process by forcing the Debtor to agree to a sale of its assets under 11 U.S.C. Section 363 when the only matter before the Court was the United States Trustee's Motion to Dismiss/Convert.  The other fraud issues raised in the United States Trustee's Motion to Dismiss/Convert were not pleaded with specificity as required by Bankruptcy Rule 7009, incorporating by referenced Federal Rule of Civil Procedure 9(b) to support conversion of the Debtor's case to Chapter 7.

For the foregoing reasons, it is respectfully requested that this Court reverse

the Bankruptcy Court's Order of February 14, 2020 converting the Debtor's Chapter

11 case to Chapter 7.

Dated: Melville, NY
       July 24, 2020

                                    Law Office of Ronald D. Weiss, P.C.
                                    Attorney for Appellant Hamilton
                                    Road Realty, LLC

                                    By: /s/ Ronald D. Weiss
                                        Ronald D. Weiss
                                        Michael Farina
                                        734 Walt Whitman Road
                                        Suite 203
                                        Melville, NY 11747
                                        (631) 271-3737
                                        weiss@ny-bankruptcy.com
                                        MichaelF@NY-Bankruptcy.com

## CORPORATE DISCLOSURE STATEMENT PURSUANT TO
## BANKRUPTCY RULE 8012

APPELLANT, HAMILTON ROAD REALTY, submits this

Corporate Disclosure Statement pursuant to Bankruptcy Rule 8012:

1. Appellant has no parent corporation.

2. No publicly held corporation owns 10% or more of Appellant's stock.

Dated: July 24th , 2020

HAMILTON ROAD REALTY, LLC
By:__/s/ Sitara Khan_____
Sitara Khan, Member

# APPENDIX

The District Court notice directing a briefing schedule for this Appeal (Docket Item # 2) did not require an Appendix to this brief under Bankruptcy Rule 8018. To the extent this Court requires one, enclosed are the following documents which comprises the Appellant's Appendix:

**EXHIBIT "A"**-Bankruptcy Court Docket.

**EXHIBIT "B"**-Notice of Appeal docketed with the Bankruptcy Court on February 28, 2020 (Bankruptcy Docket Item # 71).

**EXHIBIT "C"**- Order Converting Case to Chapter 7 dated February 14, 2020 (Bankruptcy Docket Item # 56).

**EXHIBIT "D"**-Relevant Portion of Transcript from May 20, 2019.
 **[Page 4, Lines 18-21]**
 **[Page 5, Lines 9-13]**

**EXHIBIT "E"**-Relevant Portion of Transcript from February 12, 2020.
 **[Page 7, Line 22]**
 **[Page 8, Lines 21-22]**
 **[Page 13, Lines 15-17]**
 **[Page 15, Lines 19-24]**
 **[Page 15, Lines 23-24]**
 **[Page 17, Lines 3-9]**
 **[Page 17, Lines 22-23]**

**EXHIBIT "F"** -Relevant Pages of Handbook for Chapter 7 Trustees.

**EXHIBIT "G"**-Relevant Pages of Motion to Vacate Stay filed by Select Portfolio Servicing, Inc. as servicer for U.S. Bank, N.A. as Trustee.

# EXHIBIT "A"

APPEAL, LOSSMitig, Repeat, PRVDISM, CONVERTED

# U.S. Bankruptcy Court
## Eastern District of New York (Central Islip)
## Bankruptcy Petition #: 8-19-72596-reg

|  |  |
|---|---|
| *Date filed:* | 04/10/2019 |
| *Date converted:* | 02/14/2020 |
| *341 meeting:* | 07/21/2020 |
| *Deadline for filing claims:* | 05/26/2020 |

*Assigned to:* Robert E. Grossman
Chapter 7
Previous chapter 11
Original chapter 11
Voluntary
Asset

**Debtor**
**Hamilton Road Realty LLC**
7 Pinewood Road
Old Westbury, NY 11568
NASSAU-NY
Tax ID / EIN: 83-0493198

represented by **Pablo Bustos**
Bustos & Associates, P.C.
70 West 40th Street
8th Floor
New York, NY 10018
212-796-6256
Fax : 520-447-7975
Email: pbustos@bustosassociates.com

**Richard S Feinsilver**
Richard S. Feinsilver, Esq.
One Old Country Road
Suite 125
Carle Place, NY 11514
(516) 873-6330
*TERMINATED: 11/27/2019*

**Ronald D Weiss**
734 Walt Whitman Road
Suite 203
Melville, NY 11747
(631) 271-3737
Fax : (631) 271-3784
Email: weiss@ny-bankruptcy.com

**Trustee**
**Allan B. Mendelsohn**
Allan B. Mendelsohn, LLP
38 New Street
Huntington, NY 11743
(631)923-1625
Email: amendelsohn@amendelsohnlaw.com

represented by **Fred S Kantrow**
Rosen & Kantrow, PLLC
38 New Street
Huntington, NY 11743
(631) 423-8527
Fax : (631) 423-4536
Email: fkantrow@rkdlawfirm.com

**Rosen & Kantrow, PLLC**
38 New Street
Huntington, NY 11743
631-423-8527

Fax : 631-423-4536
Email: fkantrow@rkdlawfirm.com

**Alex E. Tsionis**
Rosen & Kantrow, PLLC
38 New Street
Huntington, NY 11743
(631) 423-8527
Email: atsionis@rkdlawfirm.com

*U.S. Trustee*
**United States Trustee**
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4437
(631) 715-7800

*US Trustee Trial Attorney*
**Stan Y Yang**
Office of the United States Trustee
Central Islip Office
Alfonse M D'Amato US Courthouse
560 Federal Plaza
Central Islip, NY 11722
(631) 715-7800 Ext. 225

| Filing Date | # | Docket Text |
|---|---|---|
| 04/10/2019 | 1<br>(15 pgs; 2 docs) | Chapter 11 Voluntary Petition for Non-Individuals. Fee Amount $1717 Filed by Richard S Feinsilver on behalf of Hamilton Road Realty LLC Chapter 11 Plan due by 08/8/2019. Disclosure Statement due by 08/8/2019. (Attachments: # 1 1073b Statement) (Feinsilver, Richard) (Entered: 04/10/2019) |
| 04/10/2019 | | Receipt of Voluntary Petition (Chapter 11)(8-19-72596) [misc,volp11a] (1717.00) Filing Fee. Receipt number 17839549. Fee amount 1717.00. (re: Doc# 1) (U.S. Treasury) (Entered: 04/10/2019) |
| 04/10/2019 | | Prior Filing Case Number(s): 10-77575-reg dismissed 4/1/11 (cjm) (Entered: 04/10/2019) |
| 04/10/2019 | 2<br>(3 pgs; 2 docs) | Deficient Filing Chapter 11 - Affidavit Pursuant to E.D.N.Y. LBR 1007-4 due 4/10/2019. 20 Largest Unsecured Creditors due 4/10/2019. Corporate Resolution Pursuant to E.D.N.Y. LBR 1074-1(a) due by 4/10/2019. Corporate Ownership Statement Pursuant to FBR 1007(a)(1) due 4/10/2019. Corporate Disclosure Statement Pursuant to FBR 1073-3 due 4/10/2019. Disclosure of Compensation of Attorney for Debtor. 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016(b) (Official Form 2030) due 4/24/2019. Summary of Assets and |

| | | |
|---|---|---|
| | | Liabilities for Non-Individuals Official Form 206Sum due by 4/24/2019. Schedule E/F due 4/24/2019. Schedule G due 4/24/2019. Schedule H due 4/24/2019. Declaration Under Penalty of Perjury for Non Individual Debtors Official Form 202 due 4/24/2019. List of Equity Security Holders due 4/24/2019. Statement of Financial Affairs Non-Ind Form 207 due 4/24/2019. Incomplete Filings due by 4/24/2019. (amp) (Entered: 04/11/2019) |
| 04/11/2019 | 3 (6 pgs; 4 docs) | Meeting of Creditors 341(a) meeting to be held on 5/10/2019 at 11:00 AM at Room 562, 560 Federal Plaza, CI, NY. (amp) (Entered: 04/11/2019) |
| 04/13/2019 | 4 (3 pgs) | BNC Certificate of Mailing with Notice of Electronic Filing Notice Date 04/13/2019. (Admin.) (Entered: 04/14/2019) |
| 04/13/2019 | 5 (3 pgs) | BNC Certificate of Mailing - Meeting of Creditors Notice Date 04/13/2019. (Admin.) (Entered: 04/14/2019) |
| 04/13/2019 | 6 (3 pgs) | BNC Certificate of Mailing with Notice of Deficient Filing Notice Date 04/13/2019. (Admin.) (Entered: 04/14/2019) |
| 04/18/2019 | 7 (25 pgs; 5 docs) | Schedule(s), Statement(s) and Affidavit Pursuant to E.D.N.Y. LBR 1007-1(b) Schedule E/F, Schedule G, Schedule H, : Statement of Financial Affairs, List of Equity Holders, Form 2030, Statement of Income and Expenses, List of 20 Largest Unsecured Creditors Fee Amount $31 Filed by Richard S Feinsilver on behalf of Hamilton Road Realty LLC (Attachments: # 1 Local Rule Affidavit # 2 Supplemental Matrix # 3 Affirmation Regarding Schedules # 4 Exhibit - Retainer Agreement) (Feinsilver, Richard) (Entered: 04/18/2019) |
| 04/18/2019 | | Receipt of Schedule(s), Statement(s) and Affidavit Pursuant to E.D.N.Y. LBR 1007-1(b) (Fee Due)(8-19-72596-reg) [misc,schsfa] ( 31.00) Filing Fee. Receipt number 17875816. Fee amount 31.00. (re: Doc# 7) (U.S. Treasury) (Entered: 04/18/2019) |
| 04/18/2019 | 8 (1 pg) | Notice of Appearance and Request for Notice Filed by Jill A. Manzo on behalf of Select Portfolio Servicing, Inc., as servicer for U.S. Bank NA, as trustee, for the Chase Mortgage Finance Corporation Multi-Class Mortgage Pass-Through Certificates, Series 2006 (Manzo, Jill) (Entered: 04/18/2019) |
| 04/18/2019 | 10 (3 pgs; 2 docs) | Order Scheduling Initial Case Management Conference. Signed on 4/18/2019 Status hearing to be held on 5/20/2019 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY. (mtt) (Entered: 04/19/2019) |
| 04/19/2019 | 9 (14 pgs; 2 docs) | Application to Employ Richard S. Feinsilver, Esq. as Counsel to Debtor-In-Possession Filed by Richard S Feinsilver on |

| | | |
|---|---|---|
| | | behalf of Hamilton Road Realty LLC. (Attachments: # 1 Proposed Order) (Feinsilver, Richard) (Entered: 04/19/2019) |
| 04/21/2019 | 11 (3 pgs) | BNC Certificate of Mailing with Notice/Order Notice Date 04/21/2019. (Admin.) (Entered: 04/22/2019) |
| 04/25/2019 | 12 (2 pgs) | Order Authorizing Retention of Chapter 11 Attorney Richard S. Feinsilver, Esq. as Counsel to Debtor-In-Possession. (RE: related document(s)9 Application to Employ filed by Debtor Hamilton Road Realty LLC). Signed on 4/25/2019 (sld) (Entered: 04/25/2019) |
| 04/30/2019 | 13 (2 pgs) | Notice of Appearance and Request for Notice Filed by Michelle C Marans on behalf of Select Portfolio Servicing, Inc., as servicer for U.S. Bank NA, as trustee, for the Chase Mortgage Finance Corporation Multi-Class Mortgage Pass-Through Certificates, Series 2006 (Marans, Michelle) (Entered: 04/30/2019) |
| 05/03/2019 | | Receipt of Fee for Certification of Document - $11.00. Receipt Number 259927. (KR) (admin) (Entered: 05/03/2019) |
| 05/06/2019 | | Statement Adjourning 341(a) Meeting of Creditors Filed by United States Trustee. 341(a) Meeting Adjourned to 5/20/2019 at 02:30 PM at Room 562, 560 Federal Plaza, CI, NY. (Yang, Stan) (Entered: 05/06/2019) |
| 05/20/2019 | | Hearing Held and Adjourned; (related document(s): 10 Order Scheduling Initial Case Management Conference) Appearance: Richard Feinsilver & Stan Yang: Status hearing to be held on 06/24/2019 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY. (mtagle) (Entered: 05/22/2019) |
| 06/24/2019 | | Hearing Held and Adjourned; (related document(s): 10 Order Scheduling Initial Case Management Conference) Appearance: Richard Feinsilver & Stan Yang: Status hearing to be held on 07/29/2019 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY. (mtagle) (Entered: 06/24/2019) |
| 06/27/2019 | 14 (2 pgs) | Monthly Operating Report for Filing Period April 2019 Filed by Richard S Feinsilver on behalf of Hamilton Road Realty LLC (Feinsilver, Richard) (Entered: 06/27/2019) |
| 06/27/2019 | 15 (2 pgs) | Monthly Operating Report for Filing Period May 2019 Filed by Richard S Feinsilver on behalf of Hamilton Road Realty LLC (Feinsilver, Richard) (Entered: 06/27/2019) |
| 07/01/2019 | 16 (16 pgs; 2 docs) | Motion for Authority to Obtain Credit Under Section 364(b), Rule 4001(c) or (d) , Motion to Authorize/Direct *Debtor to Execute Lease Agreement* Filed by Richard S Feinsilver on behalf of Hamilton Road Realty LLC. Hearing scheduled for 7/29/2019 at 01:30 PM at Courtroom 860 (Judge Grossman), |

| | | |
|---|---|---|
| | | CI, NY. (Attachments: # 1 Service List) (Feinsilver, Richard) (Entered: 07/01/2019) |
| 07/29/2019 | | Hearing Held and Adjourned; (related document(s): 10 Order Scheduling Initial Case Management Conference) Appearance: Stan Yang & Richard Feinsilver: Status hearing to be held on 09/23/2019 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY. (mtagle) (Entered: 07/30/2019) |
| 07/29/2019 | | Hearing Held; (related document(s): 16 Motion for Authority to Obtain Credit Under Section 364 filed by Hamilton Road Realty LLC) Appearance: Richard S Feinsilver & Stan Yang; no opposition; Motion Granted; submit order (mtagle) (Entered: 07/30/2019) |
| 09/18/2019 | 17 (2 pgs) | Monthly Operating Report for Filing Period June 2019 Filed by Richard S Feinsilver on behalf of Hamilton Road Realty LLC (Feinsilver, Richard) (Entered: 09/18/2019) |
| 09/18/2019 | 18 (6 pgs) | Monthly Operating Report for Filing Period July 2019 Filed by Richard S Feinsilver on behalf of Hamilton Road Realty LLC (Feinsilver, Richard) (Entered: 09/18/2019) |
| 09/21/2019 | 19 (2 pgs) | Letter of Adjournment: Hearing rescheduled from 9/23/19 at 1:30 PM to 10/23/19 at 1:30 PM Filed by Richard S Feinsilver on behalf of Hamilton Road Realty LLC (RE: related document(s) Hearing Held and Adjourned (Case Owned BK)) (Feinsilver, Richard) (Entered: 09/21/2019) |
| 09/23/2019 | | Adjourned Without Hearing (related document(s): 10 Order Scheduling Initial Case Management Conference) Status hearing to be held on 10/23/2019 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY. (mtagle) (Entered: 09/23/2019) |
| 10/22/2019 | 20 (4 pgs) | Monthly Operating Report for Filing Period August 2019 Filed by Richard S Feinsilver on behalf of Hamilton Road Realty LLC (Feinsilver, Richard) (Entered: 10/22/2019) |
| 10/22/2019 | 21 (4 pgs) | Monthly Operating Report for Filing Period September 2019 Filed by Richard S Feinsilver on behalf of Hamilton Road Realty LLC (Feinsilver, Richard) (Entered: 10/22/2019) |
| 10/23/2019 | | Hearing Held and Adjourned; (related document(s): 10 Order Scheduling Initial Case Management Conference) Appearance: Richard Feinsilver, Karen Sheehan & Stan Yang: Status hearing to be held on 11/25/2019 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY. (Must be current with UST) (mtagle) (Entered: 10/24/2019) |
| 11/01/2019 | 22 (4 pgs) | Motion to Dismiss Case Filed by Richard S Feinsilver on behalf of Hamilton Road Realty LLC. Hearing scheduled for |

| | | 11/25/2019 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY. (Feinsilver, Richard) (Entered: 11/01/2019) |
|---|---|---|
| 11/01/2019 | [23](#)<br>(1 pg) | Exhibit - *Service List* Filed by Richard S Feinsilver on behalf of Hamilton Road Realty LLC (RE: related document(s)[22](#) Motion to Dismiss Case filed by Debtor Hamilton Road Realty LLC) (Feinsilver, Richard) (Entered: 11/01/2019) |
| 11/22/2019 | [24](#)<br>(3 pgs) | Objection *to Motion to Dismiss* Filed by Hamilton Road Realty LLC (RE: related document(s)[22](#) Motion to Dismiss Case filed by Debtor Hamilton Road Realty LLC) (one) (Entered: 11/22/2019) |
| 11/25/2019 | | Hearing Held and Adjourned; (related document(s): [10](#) Order Scheduling Initial Case Management Conference) Appearance: Elizabeth Doyaga, Stan Yang, Richard Feinsilver & Pablo Bustos: Status hearing to be held on 01/22/2020 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY. (Mr. Feinsilver Granted to be remove as debtor's counsel and replaced by Pablo Bustos) (mtagle) (Entered: 11/26/2019) |
| 11/25/2019 | | Hearing Held and Adjourned; (related document(s): [22](#) Motion to Dismiss Case filed by Hamilton Road Realty LLC) Appearance: Elizabeth Doyaga, Stan Yang, Richard Feinsilver & Pablo Bustos: Hearing scheduled for 01/22/2020 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY. (mtagle) (Entered: 11/26/2019) |
| 11/27/2019 | [25](#)<br>(3 pgs; 2 docs) | Entered incorrectly attorney to refile - Notice of Appearance and Request for Notice Filed by Pablo Bustos on behalf of Hamilton Road Realty LLC (Attachments: # [1](#) Affidavit Affirmation of Service) (Bustos, Pablo) Modified on 12/11/2019 (amp). (Entered: 11/27/2019) |
| 11/27/2019 | [26](#)<br>(4 pgs; 2 docs) | Letter *Qualified Written Request* Filed by Pablo Bustos on behalf of Hamilton Road Realty LLC (Attachments: # [1](#) Affidavit Affirmation of Service) (Bustos, Pablo) (Entered: 11/27/2019) |
| 11/27/2019 | [27](#)<br>(2 pgs) | Ordered, that Richard S. Feinsilver, Esq. is hereby relieved as counsel to the Debtor effective immediately; and upon the record made at the hearing, all other matters in this Chapter 11 case have been adjourned to January 22, 2020 at 1:30 PM. (RE: related document(s)[10](#) Order Scheduling Initial Case Management Conference, [22](#) Motion to Dismiss Case filed by Debtor Hamilton Road Realty LLC, [24](#) Objection filed by Debtor Hamilton Road Realty LLC). Signed on 11/27/2019 (amp) (Entered: 11/27/2019) |
| 12/02/2019 | [28](#)<br>(5 pgs) | Notice of Entry *Of Order Relieving Richard S. Feinsilver Esq as Counsel* Filed by Richard S Feinsilver on behalf of |

| | | |
|---|---|---|
| | | Richard S. Feinsilver (RE: related document(s)27 Generic Order) (Feinsilver, Richard) (Entered: 12/02/2019) |
| 12/05/2019 | 29 (11 pgs) | Motion to Convert Case Chapter 11 to 7 ., or in the alternative Motion to Dismiss Case Filed by United States Trustee. Hearing scheduled for 1/22/2020 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY. (Yang, Stan) (Entered: 12/05/2019) |
| 12/05/2019 | 30 (13 pgs) | Affidavit/Certificate of Service *of Motion to Convert Case from Chapter 11 to Chapter 7.* Filed by United States Trustee (RE: related document(s)29 Motion to Convert Case Chapter 11 to 7 filed by U.S. Trustee United States Trustee, Motion to Dismiss Case) (Yang, Stan) (Entered: 12/05/2019) |
| 12/07/2019 | 31 (79 pgs; 7 docs) | Entered incorrectly - per attorney's office - Client will be droppoing off the Original Proof of Claim - Statement *Proof of Claim* Filed by Pablo Bustos on behalf of Hamilton Road Realty LLC (Attachments: # 1 Affidavit Affidavit of Expert Witness # 2 Exhibit Bertrand Falls Curriculum Vitae # 3 Exhibit Bertrand Falls Expert Witness Credentials # 4 Bertrand Falls Summary of Experience Credentials # 5 Exhibit Security Audit Report Extended # 6 Exhibit Summary of Findings) (Bustos, Pablo) Modified on 12/9/2019 (amp). (Entered: 12/07/2019) |
| 12/07/2019 | 32 (3 pgs) | Statement *Title Report* Filed by Pablo Bustos on behalf of Hamilton Road Realty LLC (Bustos, Pablo) (Entered: 12/07/2019) |
| 12/10/2019 | 33 (2 pgs; 2 docs) | Notice of Filing Claim # 3 in the amount of $405000.00 filed by Attorney for debtor on behalf of Select Portfolio Servicing Inc. Re: Federal Bankruptcy Rule 3004. (amp) (Entered: 12/10/2019) |
| 12/12/2019 | 34 (2 pgs) | BNC Certificate of Mailing with Notice of Filing Claim Notice Date 12/12/2019. (Admin.) (Entered: 12/13/2019) |
| 12/15/2019 | 35 (7 pgs; 2 docs) | Application for Compensation. as Attorney; Fees: $ 7500 Expenses: $ 0 for Pablo E. Bustos, Esq. as Attorney; Fees: $ 7,500 Filed by Pablo Bustos on behalf of Hamilton Road Realty LLC. Hearing scheduled for 1/22/2020 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY. (Attachments: # 1 Affidavit Affirmation of Service) (Bustos, Pablo) Modified on 12/16/2019 to remove presentment date. Attorney to file a Notice of Motion to notify parties of hearing date and time. (mtt) (Entered: 12/15/2019) |
| 12/17/2019 | 36 (17 pgs) | Amended Monthly Operating Report for Filing Period October 2019 Filed by Hamilton Road Realty LLC (lkg) (Entered: 12/17/2019) |
| | | |

| 12/17/2019 | <u>37</u><br>(3 pgs) | General Affidavit in Support Filed by Hamilton Road Realty LLC (lkg) (Entered: 12/17/2019) |
|---|---|---|
| 12/18/2019 | <u>38</u><br>(8 pgs; 2 docs) | Amended Notice of Motion/Presentment Filed by Pablo Bustos on behalf of Hamilton Road Realty LLC (RE: related document(s)<u>35</u> Application for Compensation filed by Debtor Hamilton Road Realty LLC) Hearing scheduled for 1/22/2020 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY. (Attachments: # <u>1</u> Affidavit Affirmation of Service - Amended Application for Employment/Compensation) (Bustos, Pablo) (Entered: 12/18/2019) |
| 01/04/2020 | <u>39</u><br>(4 pgs; 3 docs) | Motion For Loss Mitigation with respect to Property located at 14 Sandringham Lane, South Hampton, NY 11968, Loan No.# 0078 with creditor JP Morgan Chase Bank, NA, Filed by Pablo Bustos on behalf of Hamilton Road Realty LLC. Hearing scheduled for 1/22/2020 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY. (Attachments: # <u>1</u> Supplement Loss Mitigation Request by Debtor # <u>2</u> Proposed Order Proposed Order for Loss Mitigation) (Bustos, Pablo) (Entered: 01/04/2020) |
| 01/04/2020 | <u>40</u><br>(4 pgs; 2 docs) | Motion for Adequate Protection Filed by Pablo Bustos on behalf of Hamilton Road Realty LLC. Hearing scheduled for 1/22/2020 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY.(Attachments: # <u>1</u> Proposed Order) (Bustos, Pablo) Modified on 1/6/2020 to remove presentment date. (mtt) (Entered: 01/04/2020) |
| 01/04/2020 | <u>41</u><br>(18 pgs) | Small Business Monthly Operating Report for Filing Period 8/1/2019-12/31/2019 Filed by Pablo Bustos on behalf of Hamilton Road Realty LLC (Bustos, Pablo) (Entered: 01/04/2020) |
| 01/04/2020 | <u>42</u><br>(6 pgs) | Chapter 11 Small Business Plan 1/4/2020. 1/4/2020 Percentage to be paid to General Unsecured Creditors 100. Filed by Pablo Bustos on behalf of Hamilton Road Realty LLC. (Bustos, Pablo) (Entered: 01/04/2020) |
| 01/04/2020 | <u>43</u><br>(29 pgs) | Reaffirmation Disclosure Statement re: Reaffirmation Agreement with JP Morgan Chase, NA Filed by Pablo Bustos on behalf of Hamilton Road Realty LLC (Bustos, Pablo) (Entered: 01/04/2020) |
| 01/04/2020 | <u>44</u><br>(15 pgs; 2 docs) | Adversary case 8-20-08004. Complaint by Hamilton Road Realty LLC against SELECT PORTFOLIO SERVICING, INC., as servicer for HSBC BANK USA, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF OF THE J.P. MORGAN ALTERNATIVE LOAN TRUST 2006-A7 MORTGAGE PASS-THROUGH CERTIFICATES. Receipt Number DEFERRED, Fee Amount $350. Nature(s) of Suit: |

|  |  | (91 (Declaratory judgment)). (Attachments: # 1 Supplement) (Bustos, Pablo) (Entered: 01/04/2020) |
|---|---|---|
| 01/06/2020 | 45 (8 pgs) | Reply Filed by Pablo Bustos on behalf of Hamilton Road Realty LLC (RE: related document(s)29 Motion to Convert Case Chapter 11 to 7 filed by U.S. Trustee United States Trustee, Motion to Dismiss Case) (Bustos, Pablo) (Entered: 01/06/2020) |
| 01/07/2020 | 46 (2 pgs) | Affidavit Re: *Affirmation in Support* Filed by Pablo Bustos on behalf of Hamilton Road Realty LLC (RE: related document(s)40 Motion for Adequate Protection filed by Debtor Hamilton Road Realty LLC) (Bustos, Pablo) (Entered: 01/07/2020) |
| 01/07/2020 | 47 (2 pgs) | Affidavit Re: Filed by Pablo Bustos on behalf of Hamilton Road Realty LLC (RE: related document(s)39 Motion For Loss-Mitigation - By the Debtor (Judge Grossman and Scarcella Cases Only) filed by Debtor Hamilton Road Realty LLC) (Bustos, Pablo) (Entered: 01/07/2020) |
| 01/07/2020 | 48 (6 pgs; 2 docs) | Small Business Monthly Operating Report for Filing Period Filed by Pablo Bustos on behalf of Hamilton Road Realty LLC (Attachments: # 1 Appendix) (Bustos, Pablo) (Entered: 01/07/2020) |
| 01/07/2020 | 49 (2 pgs) | Affidavit/Certificate of Service Filed by Pablo Bustos on behalf of Hamilton Road Realty LLC (RE: related document(s)39 Motion For Loss-Mitigation - By the Debtor (Judge Grossman and Scarcella Cases Only) filed by Debtor Hamilton Road Realty LLC, 40 Motion for Adequate Protection filed by Debtor Hamilton Road Realty LLC) (Bustos, Pablo) (Entered: 01/07/2020) |
| 01/07/2020 | 50 (15 pgs; 2 docs) | ENTERED IN ERROR; ATTY EMAILED TO REFILE ON ADVERSARY Amended Complaint Caption Changed, body of complaint lists only one Plaintiff not three. by Pablo Bustos on behalf of Hamilton Road Realty LLC against Hamilton Road Realty LLC. (Attachments: # 1 Appendix) (Bustos, Pablo) Modified on 1/9/2020 (jaf). (Entered: 01/07/2020) |
| 01/15/2020 | 51 (133 pgs; 2 docs) | Affirmation in Support *Of US Trustee'* Filed by Michelle C Marans on behalf of Select Portfolio Servicing, Inc., as servicer for U.S. Bank NA, as trustee, for the Chase Mortgage Finance Corporation Multi-Class Mortgage Pass-Through Certificates, Series 2006 (RE: related document(s)29 Motion to Convert Case Chapter 11 to 7 filed by U.S. Trustee United States Trustee, Motion to Dismiss Case) (Attachments: # 1 Certificate of Service) (Marans, Michelle) (Entered: 01/15/2020) |

| | | |
|---|---|---|
| 01/15/2020 | <u>52</u><br>(15 pgs; 2 docs) | Objection to Loss Mitigation Request Filed by Michelle C Marans on behalf of Select Portfolio Servicing, Inc., as servicer for U.S. Bank NA, as trustee, for the Chase Mortgage Finance Corporation Multi-Class Mortgage Pass-Through Certificates, Series 2006 (RE: related document(s)<u>39</u> Motion For Loss-Mitigation - By the Debtor (Judge Grossman and Scarcella Cases Only) filed by Debtor Hamilton Road Realty LLC) (Attachments: # <u>1</u> Certificate of Service) (Marans, Michelle) (Entered: 01/15/2020) |
| 01/15/2020 | <u>53</u><br>(4 pgs; 2 docs) | Objection *to Debtor's motion to pay adequate protection* Filed by Michelle C Marans on behalf of Select Portfolio Servicing, Inc., as servicer for U.S. Bank NA, as trustee, for the Chase Mortgage Finance Corporation Multi-Class Mortgage Pass-Through Certificates, Series 2006 (RE: related document(s)<u>40</u> Motion for Adequate Protection filed by Debtor Hamilton Road Realty LLC) (Attachments: # <u>1</u> Certificate of Service) (Marans, Michelle) (Entered: 01/15/2020) |
| 01/22/2020 | | Hearing Held and Adjourned; (related document(s): <u>10</u> Order Scheduling Initial Case Management Conference) Appearance: Stan Yang, Elizabeth Doyaga, Wayne Greenwald & Pablo Bustos: Status hearing to be held on 03/18/2020 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY. (submit order as indicated on the record) (mtagle) (Entered: 01/24/2020) |
| 01/22/2020 | | Hearing Held and Adjourned; (related document(s): <u>29</u> Motion to Convert Case Chapter 11 to 7 filed by United States Trustee) Appearance: Stan Yang, Elizabeth Doyaga, Wayne Greenwald & Pablo Bustos: Hearing scheduled for 03/18/2020 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY. (mtagle) (Entered: 01/24/2020) |
| 01/22/2020 | | Hearing Held and Adjourned; (related document(s): <u>22</u> Motion to Dismiss Case filed by Hamilton Road Realty LLC) Appearance: Stan Yang, Elizabeth Doyaga, Wayne Greenwald & Pablo Bustos: Hearing scheduled for 03/18/2020 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY. (mtagle) (Entered: 01/24/2020) |
| 01/22/2020 | | Hearing Held and Adjourned; (related document(s): <u>35</u> Application for Compensation filed by Hamilton Road Realty LLC) Appearance: Stan Yang, Elizabeth Doyaga, Wayne Greenwald & Pablo Bustos: Hearing scheduled for 03/18/2020 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY. (mtagle) (Entered: 01/24/2020) |
| 01/22/2020 | | Hearing Held and Adjourned; (related document(s): <u>39</u> Motion For Loss-Mitigation - By the Debtor filed by Hamilton Road Realty LLC) Appearance: Stan Yang, Elizabeth Doyaga, Wayne Greenwald & Pablo Bustos: |

| | | | |
|---|---|---|---|
| | | | Hearing scheduled for 03/18/2020 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY. (mtagle) (Entered: 01/24/2020) |
| 01/22/2020 | | | Hearing Held and Adjourned; (related document(s): 40 Motion for Adequate Protection filed by Hamilton Road Realty LLC) Appearance: Stan Yang, Elizabeth Doyaga, Wayne Greenwald & Pablo Bustos: Hearing scheduled for 03/18/2020 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY. (mtagle) (Entered: 01/24/2020) |
| 01/28/2020 | | 54 (19 pgs; 4 docs) | Letter *Responding to U.S. Trustee's Submission of Proposed Order Converting this Case* Filed by Wayne M Greenwald on behalf of Reza Naghavi (RE: related document(s)29 Motion to Convert Case Chapter 11 to 7 filed by U.S. Trustee United States Trustee, Motion to Dismiss Case) (Attachments: # 1 Affidavit Declaration of Reza Naghavi # 2 Exhibit Dec 2019 MOR # 3 Exhibit Addirional Exhibits, - bank statements,DIP check, accounting etc) (Greenwald, Wayne) (Entered: 01/28/2020) |
| 02/04/2020 | | | Hearing Rescheduled; (related document(s): 29 Motion to Convert Case Chapter 11 to 7 filed by United States Trustee) Hearing scheduled for 02/12/2020 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY. (mtagle) (Entered: 02/04/2020) |
| 02/12/2020 | | | Hearing Held; (related document(s): 29 Motion to Convert Case Chapter 11 to 7 filed by United States Trustee) Appearance: Pablo Bustos, Christine Black, Wayne M Greenwald, Elizabeth Doyaga: Motion Granted, case converted to a chapter 7; account frozen; submit order (mtagle) (Entered: 02/19/2020) |
| 02/14/2020 | | 55 (2 pgs) | Notice of Appointment of Trustee on Conversion *from Chapter 11 to Chapter 7. Trustee Allan B. Mendelsohn appointed.* Filed by United States Trustee. (Black, Christine) (Entered: 02/14/2020) |
| 02/14/2020 | | 56 (2 pgs) | Order Granting Motion to Convert Case Chapter 11 to 7 (Related Doc 29) Trustee Allan B. Mendelsohn added to the case and that the Debtor must comply with the filing requirements of Rule1019 of the Federal Rules of Bankruptcy Procedure, and that the Debtor shall, pursuant to Federal Rule of Bankruptcy Procedure 9001(5) perform all acts required of the Debtor, and that the Debtor is directed to appear at the meeting scheduled in the converted case pursuant to 11 U.S.C. § 341(a) and at any adjournments thereof. Signed on 2/14/2020. (amp) (Entered: 02/14/2020) |
| 02/14/2020 | | | Meeting of Creditors 341(a) meeting to be held on 3/10/2020 at 02:00 PM at Room 563, 560 Federal Plaza, CI, NY. (amp) |

| | | (Entered: 02/14/2020) |
|---|---|---|
| 02/14/2020 | <u>57</u><br>(6 pgs; 4 docs) | Request for Notice - Meeting of Creditors Chapter 7 No Asset (amp) (Entered: 02/14/2020) |
| 02/14/2020 | <u>58</u><br>(12 pgs; 4 docs) | Application to Employ Rosen & Kantrow, PLLC as Trustee's Counsel *retroactive to February 14, 2020* Filed by Fred S Kantrow on behalf of Allan B. Mendelsohn. Hearing scheduled for 4/15/2020 at 09:30 AM at Courtroom 860 (Judge Grossman), CI, NY. (Attachments: # <u>1</u> Exhibit Pleading # <u>2</u> Affidavit # <u>3</u> Proposed Order) (Kantrow, Fred) (Entered: 02/14/2020) |
| 02/16/2020 | <u>59</u><br>(4 pgs) | BNC Certificate of Mailing with Notice of Electronic Filing Notice Date 02/16/2020. (Admin.) (Entered: 02/17/2020) |
| 02/16/2020 | <u>60</u><br>(4 pgs) | BNC Certificate of Mailing - Meeting of Creditors Notice Date 02/16/2020. (Admin.) (Entered: 02/17/2020) |
| 02/19/2020 | <u>61</u><br>(5 pgs; 3 docs) | Entered in Error - Per phone conversation with Attorney - Direct Appeal to Court of Appeals Filed by Pablo Bustos on behalf of Hamilton Road Realty LLC (RE: related document(s)<u>56</u> Order on Motion to Convert Case Chapter 11 to 7, Order on Motion to Dismiss Case). (Attachments: # <u>1</u> Appendix Notice of Appeal # <u>2</u> Affidavit Affirmation of Service)(Bustos, Pablo) Modified on 2/19/2020 (amp). (Entered: 02/19/2020) |
| 02/19/2020 | <u>62</u><br>(5 pgs; 3 docs) | Entered in Error - Per phone conversation with Attorney - Direct Appeal to Court of Appeals Filed by Pablo Bustos on behalf of Hamilton Road Realty LLC (RE: related document(s)<u>56</u> Order on Motion to Convert Case Chapter 11 to 7, Order on Motion to Dismiss Case). (Attachments: # <u>1</u> Appendix Notice of Appeal # <u>2</u> Affidavit Affirmation of Service)(Bustos, Pablo) Modified on 2/19/2020 (amp). (Entered: 02/19/2020) |
| 02/19/2020 | <u>63</u><br>(5 pgs; 3 docs) | Direct Appeal to Court of Appeals Filed by Pablo Bustos on behalf of Hamilton Road Realty LLC (RE: related document(s)<u>56</u> Order on Motion to Convert Case Chapter 11 to 7, Order on Motion to Dismiss Case). (Attachments: # <u>1</u> Appendix Notice of Appeal # <u>2</u> Affidavit Affirmation of Service)(Bustos, Pablo) (Entered: 02/19/2020) |
| 02/19/2020 | <u>64</u><br>(3 pgs) | Affidavit/Certificate of Service Filed by Fred S Kantrow on behalf of Allan B. Mendelsohn (RE: related document(s)<u>58</u> Application to Employ filed by Trustee Allan B. Mendelsohn) (Kantrow, Fred) (Entered: 02/19/2020) |
| 02/20/2020 | <u>65</u><br>(1 pg) | Letter *Withdrawing Notice of Appeal* Filed by Pablo Bustos on behalf of Hamilton Road Realty LLC (RE: related document(s)<u>61</u> Direct Appeal to Court of Appeals filed by |

| | | Debtor Hamilton Road Realty LLC, <u>62</u> Direct Appeal to Court of Appeals filed by Debtor Hamilton Road Realty LLC, <u>63</u> Direct Appeal to Court of Appeals filed by Debtor Hamilton Road Realty LLC) (Bustos, Pablo) (Entered: 02/20/2020) |
|---|---|---|
| 02/24/2020 | | Trustee's Discovery of Assets Filed by Allan B. Mendelsohn. (Mendelsohn, Allan) (Entered: 02/24/2020) |
| 02/25/2020 | <u>66</u><br>(2 pgs; 2 docs) | Notice of Discovery of Assets Proofs of Claims due by 05/26/2020. (discassets) (Entered: 02/25/2020) |
| 02/27/2020 | <u>67</u><br>(3 pgs) | BNC Certificate of Mailing with Notice of Discovery of Assets Notice Date 02/27/2020. (Admin.) (Entered: 02/28/2020) |
| 02/28/2020 | <u>68</u><br>(2 pgs) | Motion To Stay Order Pending Appeal Filed by Sitara Khan on behalf o fHamilton Road Realty LLC. Hearing scheduled for 4/22/2020 at 09:30 AM at Courtroom 860 (Judge Grossman), CI, NY. (one) (Related document(s) <u>70</u> Notice of Appeal filed by Debtor Hamilton Road Realty LLC). Modified on 4/27/2020 (amp). (Entered: 02/28/2020) |
| 02/28/2020 | <u>69</u><br>(2 pgs) | Motion To Stay Order Pending Appeal Filed Sitara on half of Hamilton Road Realty LLC. Hearing scheduled for 4/22/2020 at 09:30 AM at Courtroom 860 (Judge Grossman), CI, NY. (one) Related document(s) <u>71</u> Notice of Appeal filed by Debtor Hamilton Road Realty LLC. Modified on 4/27/2020 (amp). (Entered: 02/28/2020) |
| 02/28/2020 | <u>70</u><br>(10 pgs; 2 docs) | Notice of Appeal to District Court. . Fee Amount $298 Filed by Sitara Khan on behalf Hamilton Road Realty LLC (RE: related document(s)<u>56</u> Order on Motion to Convert Case Chapter 11 to 7, Order on Motion to Dismiss Case). (srm) Modified on 4/27/2020 (amp). (Entered: 02/28/2020) |
| 02/28/2020 | <u>71</u><br>(10 pgs; 2 docs) | Notice of Appeal to District Court. . Fee Amount $298 Filed by Sitara Khan on behalf of Hamilton Road Realty LLC (RE: related document(s)<u>56</u> Order on Motion to Convert Case Chapter 11 to 7, Order on Motion to Dismiss Case). (srm) Modified on 4/27/2020 (amp). (Entered: 02/28/2020) |
| 02/28/2020 | | Receipt of Appeal Filing Fee - $298.00. Receipt Number 263821. (OE) (admin) (Entered: 02/28/2020) |
| 02/28/2020 | | Receipt of Appeal Filing Fee - $298.00. Receipt Number 263821. (OE) (admin) (Entered: 02/28/2020) |
| 03/01/2020 | <u>72</u><br>(10 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 03/01/2020. (Admin.) (Entered: 03/02/2020) |
| 03/01/2020 | <u>73</u> | BNC Certificate of Mailing with Application/Notice/Order |

| | (10 pgs) | Notice Date 03/01/2020. (Admin.) (Entered: 03/02/2020) |
|---|---|---|
| 03/05/2020 | 74 (6 pgs) | Affidavit/Certificate of Service Filed by Sitara Khan (RE: related document(s)70 Notice of Appeal filed by Debtor Hamilton Road Realty LLC, 71 Notice of Appeal filed by Debtor Hamilton Road Realty LLC) (alh) (Entered: 03/05/2020) |
| 03/11/2020 | | Statement Adjourning 341(a) Meeting of Creditors to 04/14/20 at 02:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Mendelsohn, Allan) (Entered: 03/11/2020) |
| 03/17/2020 | 75 (15 pgs) | Application to Employ Sotheby's International Realty, Inc. as Trustee's Real Estate Broker *to sell 14 Sandringham Lane, Southampton, New York* Filed by Allan B. Mendelsohn on behalf of Allan B. Mendelsohn. (Mendelsohn, Allan) (Entered: 03/17/2020) |
| 03/18/2020 | 76 (2 pgs) | Order Granting Application to Employ Sotheby's International Realty, Inc. (Related Doc # 75) Signed on 3/18/2020. (amp) (Entered: 03/18/2020) |
| 03/18/2020 | | Adjourned Without Hearing (related document(s): 10 Order Scheduling Initial Case Management Conference) Status hearing to be held on 06/03/2020 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY. (mtagle) (Entered: 03/19/2020) |
| 03/18/2020 | | Adjourned Without Hearing (related document(s): 22 Motion to Dismiss Case filed by Hamilton Road Realty LLC) Hearing scheduled for 06/03/2020 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY. (mtagle) (Entered: 03/19/2020) |
| 03/18/2020 | | Adjourned Without Hearing (related document(s): 35 Application for Compensation filed by Hamilton Road Realty LLC) Hearing scheduled for 06/03/2020 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY. (mtagle) (Entered: 03/19/2020) |
| 03/18/2020 | | Adjourned Without Hearing (related document(s): 39 Motion For Loss-Mitigation - By the Debtor (Judge Grossman and Scarcella Cases Only) filed by Hamilton Road Realty LLC) Hearing scheduled for 06/03/2020 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY. (mtagle) (Entered: 03/19/2020) |
| 03/18/2020 | | Adjourned Without Hearing (related document(s): 40 Motion for Adequate Protection filed by Hamilton Road Realty LLC) Hearing scheduled for 06/03/2020 at 01:30 PM at Courtroom 860 (Judge Grossman), CI, NY. (mtagle) (Entered: 03/19/2020) |

| 03/30/2020 | [77](#) (36 pgs; 4 docs) | Transmittal of Notice of Appeal to District Court (RE: related document(s)[70](#) Notice of Appeal filed by Debtor Hamilton Road Realty LLC) (Attachments: # [1](#) BK Docket) (amp) (Entered: 03/30/2020) |
| --- | --- | --- |
| 03/30/2020 | [78](#) (36 pgs; 4 docs) | Transmittal of Notice of Appeal to District Court (RE: related document(s)[71](#) Notice of Appeal filed by Debtor Hamilton Road Realty LLC) (Attachments: # [1](#) BK Docket) (amp) (Entered: 03/30/2020) |
| 04/01/2020 | [79](#) (3 pgs) | Notice of Docketing Record on Appeal to District Court. Civil Action Number: 20-cv-01624 District Court Judge LaShann DeArcy Hall assigned. (RE: related document(s)[70](#) Notice of Appeal filed by Debtor Hamilton Road Realty LLC) (amp) (Entered: 04/01/2020) |
| 04/03/2020 | [80](#) (9 pgs) | Memorandum of Law in Opposition *to Debtor's Motion for a Stay Pending Appeal* Filed by Alex E. Tsionis on behalf of Allan B. Mendelsohn (RE: related document(s)[68](#) Motion To Stay Pending Appeal filed by Debtor Hamilton Road Realty LLC, [69](#) Motion To Stay Pending Appeal filed by Debtor Hamilton Road Realty LLC) (Tsionis, Alex) (Entered: 04/03/2020) |
| 04/05/2020 | [81](#) (3 pgs) | Affidavit/Certificate of Service Filed by Fred S Kantrow on behalf of Allan B. Mendelsohn (RE: related document(s)[80](#) Memorandum of Law in Opposition filed by Trustee Allan B. Mendelsohn) (Kantrow, Fred) (Entered: 04/05/2020) |
| 04/08/2020 | [82](#) (2 pgs; 2 docs) | Notice of Rescheduled Telephonic 341 Meeting with Instructions. Meeting scheduled for April 14, 2020 at 2:30PM Filed by Allan B. Mendelsohn (RE: related document(s)[57](#) Request for Notice - Meeting of Creditors Chapter 7 No Asset). (Mendelsohn, Allan) (Entered: 04/08/2020) |
| 04/09/2020 | [83](#) (3 pgs) | Notice of Docketing Record on Appeal to District Court. Civil Action Number: 20-cv-01746 District Court Judge LaShann DeArcy Hall assigned. (RE: related document(s)[71](#) Notice of Appeal filed by Debtor Hamilton Road Realty LLC) (srm) (Entered: 04/09/2020) |
| 04/10/2020 | [84](#) (1 pg) | Letter *Certificate of No Objection* Filed by Fred S Kantrow on behalf of Allan B. Mendelsohn (RE: related document(s)[58](#) Application to Employ filed by Trustee Allan B. Mendelsohn) (Kantrow, Fred) (Entered: 04/10/2020) |
| 04/11/2020 | [85](#) (3 pgs) | BNC Certificate of Mailing with Notice of Reset of Section 341 Meeting of Creditors Notice Date 04/11/2020. (Admin.) (Entered: 04/12/2020) |
| 04/15/2020 | | Settled without hearing (related document(s): [58](#) Application |

| | | |
|---|---|---|
| | | to Employ filed by Allan B. Mendelsohn) Certificate of No Objection filed on docket #84; Under Submission. (mtagle) (Entered: 04/15/2020) |
| 04/17/2020 | 86 (7 pgs; 2 docs) | Adversary case 8-20-08064. Complaint by Allan B. Mendelsohn against Carolyn Cao. Receipt Number Deferred, Fee Amount $350. Nature(s) of Suit: (11 (Recovery of money/property - 542 turnover of property)). (Attachments: # 1 Adversary Cover Sheet) (Kantrow, Fred) (Entered: 04/17/2020) |
| 04/17/2020 | 87 (2 pgs) | Order Granting Application to Employ Rosen & Kantrow, PLLC as Counsel for Trustee. (Related Doc # 58) Signed on 4/17/2020. (alh) (Entered: 04/17/2020) |
| 04/21/2020 | 88 (11 pgs) | April, May, June Statements Summary Ledger Two Accounts Filed by Interested Partys Sitara Khan , Reza Naghavi **Filed via Electronic Dropbox.** (alh) Modified on 4/24/2020 (alh). Modified on 4/30/2020 (alh). (Entered: 04/23/2020) |
| 04/21/2020 | 89 (1 pg) | Blank Chase Check Filed by Interested Partys Sitara Khan , Reza Naghavi **Filed via Electronic Dropbox.** (alh) Modified on 4/24/2020 (alh). Modified on 4/30/2020 (alh). (Entered: 04/23/2020) |
| 04/21/2020 | 90 (1 pg) | Chase Statement dated November. Filed by Interested Partys Sitara Khan , Reza Naghavi **Filed via Electronic Dropbox.** (alh) Modified on 4/24/2020 (alh). Modified on 4/30/2020 (alh). (Entered: 04/23/2020) |
| 04/21/2020 | 91 (1 pg) | Doc Jan 23 2020 Filed by Interested Partys Sitara Khan , Reza Naghavi **Filed via Electronic Dropbox.** (alh) Modified on 4/24/2020 (alh). Modified on 4/30/2020 (alh). (Entered: 04/23/2020) |
| 04/21/2020 | 92 (6 pgs) | Monthly Operating Report for Filing Period 1-1-2020 - 1-31-2020 Filed by Sitara Khan , Reza Naghavi **Filed via Electronic Dropbox.** (alh) Modified on 4/24/2020 (alh). Modified on 4/30/2020 (alh). (Entered: 04/23/2020) |
| 04/21/2020 | 93 (11 pgs) | Responses to Raised Questions by Trustee Filed by Interested Partys Sitara Khan , Reza Naghavi **Filed via Electronic Dropbox.** (alh) Modified on 4/24/2020 (alh). Modified on 4/30/2020 (alh). (Entered: 04/23/2020) |
| 04/21/2020 | 94 (1 pg) | Final Statement Old DIP Account Filed by Interested Partys Sitara Khan , Reza Naghavi **Filed via Electronic Dropbox.** (alh) Modified on 4/24/2020 (alh). Modified on 4/30/2020 (alh). (Entered: 04/23/2020) |
| 04/21/2020 | 95 (2 pgs) | Letter from Wayne M. Greenwald to Judge Grossman. Filed by Interested Partys Sitara Khan , Reza Naghavi **Filed via** |

| | | |
|---|---|---|
| | | Electronic Dropbox. (alh) Modified on 4/24/2020 (alh). Modified on 4/30/2020 (alh). (Entered: 04/23/2020) |
| 04/21/2020 | <u>96</u><br>(1 pg) | Declaration About Closing Pre-Petition Bank Accounts Filed by Interested Partys Sitara Khan , Reza Naghavi **Filed via Electronic Dropbox.** (alh) Modified on 4/24/2020 (alh). Modified on 4/30/2020 (alh). (Entered: 04/23/2020) |
| 04/21/2020 | <u>97</u><br>(6 pgs) | Monthly Operating Report for Filing Period 12/1/19 - 12/31/19 Filed by Sitara Khan , Reza Naghavi **Filed via Electronic Dropbox.** (alh) Modified on 4/24/2020 (alh). Modified on 4/30/2020 (alh). (Entered: 04/23/2020) |
| 04/21/2020 | <u>98</u><br>(10 pgs) | Chase Statements Filed by Interested Partys Sitara Khan , Reza Naghavi **Filed via Electronic Dropbox.** (alh) Modified on 4/24/2020 (alh). Modified on 4/30/2020 (alh). (Entered: 04/23/2020) |
| 04/21/2020 | <u>99</u><br>(10 pgs) | Duplicate Entry to Docket # 98. Chase Statements Filed by Interested Partys Sitara Khan , Reza Naghavi **Filed via Electronic Dropbox.** (alh) Modified on 4/24/2020 (alh). Modified on 4/30/2020 (alh). (Entered: 04/23/2020) |
| 04/21/2020 | <u>100</u><br>(10 pgs) | Duplicate Entry to Docket # 98. Chase Statements Filed by Interested Partys Sitara Khan , Reza Naghavi **Filed via Electronic Dropbox.** (alh) Modified on 4/24/2020 (alh). Modified on 4/30/2020 (alh). (Entered: 04/23/2020) |
| 04/21/2020 | <u>101</u><br>(1 pg) | Income Expenses Filed by Interested Partys Sitara Khan , Reza Naghavi **Filed via Electronic Dropbox.** (alh) Modified on 4/24/2020 (alh). Modified on 4/30/2020 (alh). (Entered: 04/23/2020) |
| 04/21/2020 | <u>102</u><br>(6 pgs) | Duplicate Entry to Docket # 92. Monthly Operating Report for Filing Period 1-1-2020 - 1-31-2020 Filed by Sitara Khan , Reza Naghavi **Filed via Electronic Dropbox.** (alh) Modified on 4/24/2020 (alh). Modified on 4/30/2020 (alh). (Entered: 04/23/2020) |
| 04/21/2020 | <u>103</u><br>(1 pg) | Schedule of Receipts Filed by Interested Partys Sitara Khan , Reza Naghavi **Filed via Electronic Dropbox.** (alh) Modified on 4/24/2020 (alh). Modified on 4/30/2020 (alh). (Entered: 04/23/2020) |
| 04/21/2020 | <u>104</u><br>(6 pgs) | Reply *Affidavit* Filed by Sitara Khan (RE: related document(s)<u>80</u> Memorandum of Law in Opposition filed by Trustee Allan B. Mendelsohn) **Filed via Electronic Dropbox.** (alh) Modified on 4/24/2020 (alh). Modified on 4/30/2020 (alh). (Entered: 04/23/2020) |
| 04/22/2020 | | Hearing Held; (related document(s): <u>68</u> Motion To Stay Pending Appeal filed by Hamilton Road Realty LLC) |

| | | |
|---|---|---|
| | | Appearance: Fred Kantrow, Allan Mendelsohn, Stan Yang & Pablo Bustos; Motion Denied; So Ordered Trustee to submit order (mtagle) (Entered: 04/22/2020) |
| 04/22/2020 | | Hearing Held; (related document(s): 69 Motion To Stay Pending Appeal filed by Hamilton Road Realty LLC) Appearance: Fred Kantrow, Allan Mendelsohn, Stan Yang & Pablo Bustos: Same as docket #68; Motion Denied; Trustee to submit order So Ordered. (mtagle) (Entered: 04/22/2020) |
| 04/24/2020 | 105 (2 pgs) | Order Denying Motion To Stay Order Pending Appeal for all of the reasons set forth on the record. (Related Doc 69) Signed on 4/24/2020. (alh). Related document(s) 68 Motion To Stay Order Pending Appeal filed by Interested Party Sitara Khan. Modified on 5/7/2020 (amp). (Entered: 04/24/2020) |
| 04/27/2020 | 106 (2 pgs; 2 docs) | Notice to Parties of requirements, deadlines (RE: related document(s)71 Notice of Appeal filed by Debtor Hamilton Road Realty LLC, Interested Party Sitara Khan) (amp) (Entered: 04/27/2020) |
| 04/29/2020 | 107 (3 pgs) | BNC Certificate of Mailing with Notice/Order Notice Date 04/29/2020. (Admin.) (Entered: 04/30/2020) |
| 05/07/2020 | 108 (2 pgs; 2 docs) | Notice to Parties of requirements, deadlines (RE: related document(s)70 Notice of Appeal filed by Debtor Hamilton Road Realty LLC, Interested Party Sitara Khan) (amp) (Entered: 05/07/2020) |
| 05/09/2020 | 109 (3 pgs) | BNC Certificate of Mailing with Notice/Order Notice Date 05/09/2020. (Admin.) (Entered: 05/10/2020) |
| 05/12/2020 | | Electronic Order from District Court: ORDER: On March 30, 2020, appellant filed a notice of appeal 1 from Bankruptcy Court. On April 9, 2020, the parties were ordered by the Bankruptcy Clerk to file their designation of items to be included in the record and statement of issues to be presented pursuant to Federal Rule of Bankruptcy Procedure 8009. The appellant's designation of a record on appeal was due on April 23, 2020. See F.R.B.P 8009(a) ("The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented... (B) within 14 days after: (i) the appellant's notice of appeal as of right becomes effective under Rule 8002."). However, "the time limitations imposed by Rule 8009 are not jurisdictional, and hence the district court is not required automatically to dismiss the appeal of a party who has failed to meet those deadlines." In re Tampa Chain Co., Inc., 835 F.2d 54, 55 (2d Cir. 1987). Appellant shall designate a record on appeal by June 2, 2020 or the Court will dismiss the appeal. The Clerk of Court is respectfully directed to mail a copy of this order to the pro se |

| | | |
|---|---|---|
| | | litigant. (RE: related document(s)71 Notice of Appeal filed by Debtor Hamilton Road Realty LLC, Interested Party Sitara Khan, 83 Notice of Docketing Record on Appeal, 105 Order on Motion To Stay Order Pending Appeal, Update Appeal Deadlines) (amp) (Entered: 06/17/2020) |
| 05/13/2020 | | Statement Adjourning 341(a) Meeting of Creditors Filed by Allan B. Mendelsohn. 341(a) Meeting Adjourned to 6/9/2020 at 02:30 PM at Room 561, 560 Federal Plaza, CI, NY. (Mendelsohn, Allan) (Entered: 05/13/2020) |
| 05/29/2020 | 110 (2 pgs; 2 docs) | Transcript & Notice regarding the hearing held on 04/22/2020. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the court's website for contact information for the Transcription Service Agency]. (RE: related document(s) 68 Motion To Stay Pending Appeal, 69 Motion To Stay Pending Appeal). Notice of Intent to Request Redaction Due By 06/5/2020. Redaction Request Due By 06/19/2020. Redacted Transcript Submission Due By 06/29/2020. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 08/27/2020 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (AAA Write It Right Transcription) (Entered: 05/29/2020) |
| 05/29/2020 | 111 (2 pgs; 2 docs) | Transcript & Notice regarding the hearing held on 05/20/2019. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the court's website for contact information for the Transcription Service Agency]. (RE: related document(s) 10 Order Scheduling Initial Case Management Conference). Notice of Intent to Request Redaction Due By 06/5/2020. Redaction Request Due By 06/19/2020. Redacted Transcript Submission Due By 06/29/2020. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 08/27/2020 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (AAA Write It Right Transcription) Modified on 6/1/2020 (amp). (Entered: 05/29/2020) |
| 05/29/2020 | 112 (2 pgs; 2 docs) | Transcript & Notice regarding the hearing held on 06/24/2019. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the court's website for contact information for the Transcription Service Agency]. (RE: related document(s) 10 Order Scheduling Initial Case Management Conference). Notice of Intent to Request Redaction Due By 06/5/2020. Redaction Request Due By 06/19/2020. Redacted Transcript Submission Due By |

| | | |
|---|---|---|
| | | 06/29/2020. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 08/27/2020 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (AAA Write It Right Transcription) (Entered: 05/29/2020) |
| 05/31/2020 | 113 | Incorrect hearing date on attachment - to be refiled - Transcript & Notice regarding the hearing held on 01/22/2020. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the court's website for contact information for the Transcription Service Agency]. (RE: related document(s) 10 Order Scheduling Initial Case Management Conference, 29 Motion to Convert Case Chapter 11 to 7, Motion to Dismiss Case, 35 Application for Compensation, 39 Motion For Loss-Mitigation - By the Debtor (Judge Grossman and Scarcella Cases Only), 40 Motion for Adequate Protection, 41 Small Business Monthly Operating Report B25C). Notice of Intent to Request Redaction Due By 06/8/2020. Redaction Request Due By 06/22/2020. Redacted Transcript Submission Due By 07/1/2020. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 08/31/2020 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (AAA Write It Right Transcription) Modified on 6/1/2020 (amp). (Entered: 05/31/2020) |
| 05/31/2020 | 114 (2 pgs; 2 docs) | Transcript & Notice regarding the hearing held on 11/25/2019. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the court's website for contact information for the Transcription Service Agency]. (RE: related document(s) 10 Order Scheduling Initial Case Management Conference, 22 Motion to Dismiss Case). Notice of Intent to Request Redaction Due By 06/8/2020. Redaction Request Due By 06/22/2020. Redacted Transcript Submission Due By 07/1/2020. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 08/31/2020 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (AAA Write It Right Transcription) (Entered: 05/31/2020) |
| 05/31/2020 | 115 (2 pgs; 2 docs) | Transcript & Notice regarding the hearing held on 10/23/2019. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the court's website for contact information for the Transcription Service Agency]. (RE: related document(s) 10 Order Scheduling Initial Case Management Conference). Notice of Intent to Request Redaction Due By 06/8/2020. Redaction Request Due By |

| | | | |
|---|---|---|---|
| | | | 06/22/2020. Redacted Transcript Submission Due By 07/1/2020. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 08/31/2020 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (AAA Write It Right Transcription) (Entered: 05/31/2020) |
| 06/01/2020 | | 116 (2 pgs; 2 docs) | Transcript & Notice regarding the hearing held on 01/22/2020. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the court's website for contact information for the Transcription Service Agency]. (RE: related document(s) 10 Order Scheduling Initial Case Management Conference, 29 Motion to Convert Case Chapter 11 to 7, Motion to Dismiss Case, 35 Application for Compensation, 39 Motion For Loss-Mitigation - By the Debtor (Judge Grossman and Scarcella Cases Only), 40 Motion for Adequate Protection. Notice of Intent to Request Redaction Due By 06/8/2020. Redaction Request Due By 06/22/2020. Redacted Transcript Submission Due By 07/2/2020. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 08/31/2020 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (AAA Write It Right Transcription). Related document(s) 22 Motion to Dismiss Case filed by Debtor Hamilton Road Realty LLC. Modified on 6/2/2020 (alh). (Entered: 06/01/2020) |
| 06/01/2020 | | 117 (25 pgs; 3 docs) | Incomplete - No Designations Filed - Transmittal of Additional Record on Appeal to District Court in reference to Civil Case Number: 20-cv-01624 District Court Judge LaShann DeArcy Hall. (RE: related document(s) 68 Motion To Stay Pending Appeal filed by Interested Party Sitara Khan, 70 Notice of Appeal filed by Debtor Hamilton Road Realty LLC, Interested Party Sitara Khan) (amp) Modified on 6/1/2020 (amp). (Entered: 06/01/2020) |
| 06/01/2020 | | 118 (25 pgs; 3 docs) | Incomplete - No Designations have been filed - Transmittal of Additional Record on Appeal to District Court in reference to Civil Case Number: 20-cv-01746 (RE: related document(s) 69 Motion To Stay Pending Appeal filed by Debtor Hamilton Road Realty LLC, Interested Party Sitara Khan, 71 Notice of Appeal filed by Debtor Hamilton Road Realty LLC, Interested Party Sitara Khan) (amp) (Entered: 06/01/2020) |
| 06/02/2020 | | 119 (4 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Ronald D Weiss on behalf of Hamilton Road Realty LLC (RE: related document(s) 71 Notice of Appeal filed by Debtor Hamilton Road Realty LLC, Interested Party Sitara Khan). Appellee designation due by 06/16/2020. (Weiss, Ronald) (Entered: 06/02/2020) |

| | | |
|---|---|---|
| 06/02/2020 | <u>120</u><br>(4 pgs) | Statement of Issues on Appeal, *pursuant to Bankruptcy Rule 8009.* Filed by Ronald D Weiss on behalf of Hamilton Road Realty LLC. (Weiss, Ronald) (Entered: 06/02/2020) |
| 06/02/2020 | <u>121</u><br>(6 pgs; 2 docs) | Transcript Ordered Re: Notice of Appeal Filed by Ronald D Weiss on behalf of Hamilton Road Realty LLC (RE: related document(s)<u>71</u> Notice of Appeal filed by Debtor Hamilton Road Realty LLC, Interested Party Sitara Khan). (Attachments: # <u>1</u> Exhibit "A" Invoice regarding Ordering of Transcript)(Weiss, Ronald) (Entered: 06/02/2020) |
| 06/02/2020 | <u>122</u><br>(4 pgs) | Affidavit/Certificate of Service *of Appellant's Designation of Items on Appeal, Statement of Issues on Appeal and Certification Regarding Ordering of Transcript with Exhibit "A".* Filed by Ronald D Weiss on behalf of Hamilton Road Realty LLC (RE: related document(s)<u>119</u> Appellant Designation filed by Debtor Hamilton Road Realty LLC, <u>120</u> Statement of Issues on Appeal filed by Debtor Hamilton Road Realty LLC, <u>121</u> Transcript Ordered Re: Notice of Appeal filed by Debtor Hamilton Road Realty LLC) (Weiss, Ronald) (Entered: 06/02/2020) |
| 06/03/2020 | | Marked Off without hearing (related document(s): <u>10</u> Order Scheduling Initial Case Management Conference) Appearance: Fred Kantrow, Allan Mendelsohn & Stan Yang: Marked Off; case converted to a chapter 7. (mtagle) (Entered: 06/03/2020) |
| 06/03/2020 | | Hearing Held and Adjourned; (related document(s): <u>22</u> Motion to Dismiss Case filed by Hamilton Road Realty LLC) Appearance: Fred Kantrow, Allan Mendelsohn & Stan Yang: Hearing scheduled for 06/29/2020 at 09:30 AM at Courtroom 860 (Judge Grossman), CI, NY. (mtagle) (Entered: 06/03/2020) |
| 06/03/2020 | | Hearing Held and Adjourned; (related document(s): <u>35</u> Application for Compensation filed by Hamilton Road Realty LLC) Appearance: Fred Kantrow, Allan Mendelsohn & Stan Yang: Hearing scheduled for 06/29/2020 at 09:30 AM at Courtroom 860 (Judge Grossman), CI, NY. (mtagle) (Entered: 06/03/2020) |
| 06/03/2020 | | Hearing Held and Adjourned; (related document(s): <u>39</u> Motion For Loss-Mitigation - By the Debtor (Judge Grossman and Scarcella Cases Only) filed by Hamilton Road Realty LLC)Appearance: Fred Kantrow, Allan Mendelsohn & Stan Yang: Hearing scheduled for 06/29/2020 at 09:30 AM at Courtroom 860 (Judge Grossman), CI, NY. (mtagle) (Entered: 06/03/2020) |
| 06/03/2020 | | Hearing Held and Adjourned; (related document(s): <u>40</u> Motion for Adequate Protection filed by Hamilton Road |

| | | |
|---|---|---|
| | | Realty LLC) Appearance: Fred Kantrow, Allan Mendelsohn & Stan Yang: Hearing scheduled for 06/29/2020 at 09:30 AM at Courtroom 860 (Judge Grossman), CI, NY. (mtagle) (Entered: 06/03/2020) |
| 06/03/2020 | 123 (8 pgs; 2 docs) | Appellant Designation of Contents For Inclusion in Record On Appeal *Amended Designation* Filed by Ronald D Weiss on behalf of Hamilton Road Realty LLC (RE: related document(s)71 Notice of Appeal filed by Debtor Hamilton Road Realty LLC, Interested Party Sitara Khan, 119 Appellant Designation filed by Debtor Hamilton Road Realty LLC). Appellee designation due by 06/17/2020. (Attachments: # 1 Affidavit /Attorney's Certificate of Service) (Weiss, Ronald) (Entered: 06/03/2020) |
| 06/03/2020 | 124 (3 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 06/03/2020. (Admin.) (Entered: 06/04/2020) |
| 06/03/2020 | 125 (3 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 06/03/2020. (Admin.) (Entered: 06/04/2020) |
| 06/03/2020 | 126 (3 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 06/03/2020. (Admin.) (Entered: 06/04/2020) |
| 06/03/2020 | 127 (2 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (AP) Notice Date 06/03/2020. (Admin.) (Entered: 06/04/2020) |
| 06/03/2020 | 128 (3 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (AP) Notice Date 06/03/2020. (Admin.) (Entered: 06/04/2020) |
| 06/04/2020 | 129 (3 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 06/04/2020. (Admin.) (Entered: 06/05/2020) |
| 06/08/2020 | | Adversary Case 8:20-ap-8004 Closed (dnb) (Entered: 06/08/2020) |
| 06/08/2020 | 130 (2 pgs; 2 docs) | Transcript & Notice regarding the hearing held on 02/12/2020. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased by the court transcriber. [Please see the court's website for contact information for the Transcription Service Agency]. (RE: related document(s) 29 Motion to Convert Case Chapter 11 to 7, Motion to Dismiss Case). Notice of Intent to Request Redaction Due By 06/15/2020. Redaction Request Due By 06/29/2020. Redacted Transcript Submission Due By |

| | | 07/9/2020. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 09/8/2020 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (AAA Write It Right Transcription). Modified on 6/9/2020 (alh). (Entered: 06/08/2020) |
|---|---|---|
| 06/10/2020 | 131 (8 pgs; 2 docs) | Appellant Designation of Contents For Inclusion in Record On Appeal /Second Amended Designation Filed by Ronald D Weiss on behalf of Hamilton Road Realty LLC (RE: related document(s)71 Notice of Appeal filed by Debtor Hamilton Road Realty LLC, Interested Party Sitara Khan). Appellee designation due by 06/24/2020. (Attachments: # 1 Affidavit /Attorney's Certificate of Service)(Weiss, Ronald) (Entered: 06/10/2020) |
| 06/11/2020 | 132 (3 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 06/11/2020. (Admin.) (Entered: 06/12/2020) |
| 06/17/2020 | | Statement Adjourning 341(a) Meeting of Creditors to 07/21/20 at 02:00 PM at Room 561, 560 Federal Plaza, CI, NY. (Mendelsohn, Allan) (Entered: 06/17/2020) |
| 06/17/2020 | 133 (181 pgs) | Entered in Error please disregard - Second Transmittal of Additional Record on Appeal to District Court in reference to Civil Case Number: 20-cv-01746 (RE: related document(s)56 Order on Motion to Convert Case Chapter 11 to 7, Order on Motion to Dismiss Case, 71 Notice of Appeal filed by Debtor Hamilton Road Realty LLC, Interested Party Sitara Khan) (amp) Modified on 6/17/2020 (amp). (Entered: 06/17/2020) |
| 06/25/2020 | 134 (208 pgs; 4 docs) | Entered Incorrect Appeal number listed for transmission to District Court - Second Transmittal of Additional Record on Appeal to District Court in reference to Civil Case Number: 20-cv-01624 - Judge LaShann DeArcy Hall (RE: related document(s)56 Order on Motion to Convert Case Chapter 11 to 7, Order on Motion to Dismiss Case, 71 Notice of Appeal filed by Debtor Hamilton Road Realty LLC, Interested Party Sitara Khan, 118 Incomplete - Transmittal of Additional Record on Appeal BK) (Attachments: # 1 Bankruptcy Docket) (amp) Modified on 6/25/2020 (amp). (Entered: 06/25/2020) |
| 06/25/2020 | 135 (208 pgs; 4 docs) | Second Transmittal of Additional Record on Appeal to District Court in reference to Civil Case Number: 20-cv-01746 - LaShann DeArcy Hall (RE: related document(s)56 Order on Motion to Convert Case Chapter 11 to 7, Order on Motion to Dismiss Case, 71 Notice of Appeal filed by Debtor Hamilton Road Realty LLC, Interested Party Sitara Khan, 118 Transmittal of Additional Record on Appeal BK) (Attachments: # 1 Bankruptcy Docket) (amp) (Entered: 06/25/2020) |

| | | |
|---|---|---|
| 06/25/2020 | 136<br>(2 pgs; 2 docs) | Second Incomplete - Transmittal of Additional Record on Appeal to District Court in reference to Civil Case Number: 20-cv-01624 - LaShann DeArcy Hall (RE: related document(s)56 Order on Motion to Convert Case Chapter 11 to 7, Order on Motion to Dismiss Case, 70 Notice of Appeal filed by Debtor Hamilton Road Realty LLC, Interested Party Sitara Khan, 117 Incomplete Transmittal of Additional Record on Appeal BK) (amp) (Entered: 06/25/2020) |
| 06/29/2020 | | Hearing Held and Adjourned; (related document(s): 22 Motion to Dismiss Case filed by Hamilton Road Realty LLC) Appearance: Allan Mendelsohn, Fred Kantrow & Ryan Blitz: Hearing scheduled for 08/31/2020 at 09:30 AM at Courtroom 860 (Judge Grossman), CI, NY. (mtagle) (Entered: 06/29/2020) |
| 06/29/2020 | | Hearing Held and Adjourned; (related document(s): 35 Application for Compensation filed by Hamilton Road Realty LLC) Appearance: Allan Mendelsohn, Fred Kantrow & Ryan Blitz: Hearing scheduled for 08/31/2020 at 09:30 AM at Courtroom 860 (Judge Grossman), CI, NY. (mtagle) (Entered: 06/29/2020) |
| 06/29/2020 | | Hearing Held and Adjourned; (related document(s): 39 Motion For Loss-Mitigation - By the Debtor (Judge Grossman and Scarcella Cases Only) filed by Hamilton Road Realty LLC) Appearance: Allan Mendelsohn, Fred Kantrow & Ryan Blitz: Hearing scheduled for 08/31/2020 at 09:30 AM at Courtroom 860 (Judge Grossman), CI, NY. (mtagle) (Entered: 06/29/2020) |
| 06/29/2020 | | Hearing Held and Adjourned; (related document(s): 40 Motion for Adequate Protection filed by Hamilton Road Realty LLC) Appearance: Allan Mendelsohn, Fred Kantrow & Ryan Blitz: Hearing scheduled for 08/31/2020 at 09:30 AM at Courtroom 860 (Judge Grossman), CI, NY. (mtagle) (Entered: 06/29/2020) |
| 06/30/2020 | 137<br>(54 pgs; 8 docs) | Motion for Relief from Stay *pursuant to 11 U.S.C. § 362 (d) (2) as to the mortgage on 14 Sandringham Lane, South Hampton, NY 11568;* Fee Amount $181. Filed by Tammy L Terrell Benoza on behalf of Select Portfolio Servicing, Inc., as servicer for U.S. Bank NA, as trustee, for the Chase Mortgage Finance Corporation Multi-Class Mortgage Pass-Through Certificates, Series 2006. Hearing scheduled for 7/27/2020 at 09:30 AM at Courtroom 860 (Judge Grossman), CI, NY. (Attachments: # 1 Affidavit in Support of # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C # 5 Exhibit D # 6 Proposed Order # 7 Certificate of Service) (Terrell Benoza, Tammy) (Entered: 06/30/2020) |
| 06/30/2020 | 138<br>(8 pgs) | Memorandum of Law in Support *of Motion for Relief from Stay;* Filed by Tammy L Terrell Benoza on behalf of Select |

| | | | Portfolio Servicing, Inc., as servicer for U.S. Bank NA, as trustee, for the Chase Mortgage Finance Corporation Multi-Class Mortgage Pass-Through Certificates, Series 2006 (RE: related document(s)137 Motion for Relief From Stay filed by Creditor Select Portfolio Servicing, Inc., as servicer for U.S. Bank NA, as trustee, for the Chase Mortgage Finance Corporation Multi-Class Mortgage Pass-Through Certificates, Series 2006) (Terrell Benoza, Tammy) (Entered: 06/30/2020) |
| 06/30/2020 | | | Receipt of Motion for Relief From Stay(8-19-72596-reg) [motion,mrlfsty] ( 181.00) Filing Fee. Receipt number 19368807. Fee amount 181.00. (re: Doc# 137) (U.S. Treasury) (Entered: 06/30/2020) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 07/22/2020 16:21:37 | | |
| **PACER Login:** | ronw0121:2628480:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8-19-72596-reg Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 17 | **Cost:** | 1.70 |

**EXHIBIT "B"**

Official Form 417A (12/18)

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): *Hamilton Road Realty LLC*

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

☐ Plaintiff
☐ Defendant
☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.

☑ Debtor
☐ Creditor
☐ Trustee
☐ Other (describe) _____

## Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: *Converting chapter 11 to chapter 7 Judgement*

2. State the date on which the judgment, order, or decree was entered: *2/14/2020*

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: *Creditors* Attorney: _____
   *US Bank NA*
   *Chase Home Fina LLC*
   *Select portfo. JP Morgan chase*

2. Party: *US Trustee Mr A Mendelsohn* Attorney: _____
   *chapter 11 & 7 Mr. Yong*

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

S _Diiau Quun_ _____          Date: _2/27/21_ _____

Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

_____
_____
_____
_____

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[Note to inmate filers:  If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------X   Case No. 19-72596-reg

In Re

     Hamilton Road Realty LLC            Chapter ~~11 Business Reorganization~~
                                                              7

          Debtor.

------------------------------------------------X

NOTICE OF APPEAL AND STATEMENT OF ELECTION
TO BE HEARD BY THE DISTRICT COURT

Part 1: Identify the Appellant:

   1) Name of Appellant: Hamilton Road Realty LLC
   2) Position of Appellant in the bankruptcy case that is the subject of the Appeal:
      Debtor in Possession.

Part 2: Identify the subject of this Appeal

     Describe the order appealed from: Order converting Chapter 11 Case under Chapter 7 of
     the Bankruptcy Code

     The date on which the order, or decree, was entered: February 14, 2020

Part 3: Identify the parties to the Appeal

     Party: U.S. Trustee, US Bank, NJ, Reza Naghavi, Trustee Allan B. Mendelsohn, Chase
     Home Finance, LLC, Chase Mortgage Corp, Jane Does 1 through 100 Inclusive, JP Morgan
     Chase Bank, NA, Select Portfolio Servicing, Inc., as servicer for U.S. Bank NA, as trustee,
     for the Chase Mortgage Finance Corporation Multi-Class Mortgage Pass-Through
     Certificates, Series 2006

Part 4: Optional election to have appear heard by District Court:
     The Appellant is electing to appeal directly to the U.S. District Court.

Dated: February 24, 2020
     New York, New York

                             Sincerely,

                             _____
                             Sitara Khan, President
                             Hamilton Road Realty LLC

**EXHIBIT "C"**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re

**HAMILTON ROAD REALTY LLC**

                    Debtor.

-----------------------------------------------------------x

Case No.  19-72596-reg

Chapter 11

## ORDER CONVERTING CHAPTER 11 TO CASE
## UNDER CHAPTER 7 OF THE BANKRUPTCY CODE

The United States Trustee having moved  on December 5, 2019 by notice of

motion seeking entry of an order under 11 U.S.C. §1112(b) dismissing the chapter 11 case of

Hamilton Road Realty LLC (the "Debtor"), or alternatively, converting the Debtor's case to a

case under chapter 7 of the Bankruptcy Code (the "Motion"); and the Motion having come

before the Honorable Robert E. Grossman on the 22nd  day of January 2020 and thereafter

having been adjourned until February 12, 2020; and the Debtor having filed papers in reply in

opposition to the Motion and having appeared by its proposed counsel, Bustos & Associates

P.C., Pablo Bustos, Esq., of counsel, in opposition to the Motion;  and Wayne Greenwald P.C.,

having appeared for Reza Naghavi, by Wayne Greenwald, Esq., and having filed a Letter

Responding to the United States Trustee's Submission of Proposed Order Converting the Case in

opposition to the Motion; and Select Portfolio Serving Inc., as servicer for U.S. Bank NA, as

trustee for the Chase Mortgage Finance Corporation Multi-Class Mortgage Finance Corporation

Multi-Class Mortgage Pass-Through Certificates, Series 2006,  having filed an Affirmation in

Support of the United States Trustee's Motion to Dismiss or Convert, and having appeared by its

counsel, Frenkel Lambert Weiss Weisman & Gordon LLP, Elizabeth Doyaga, Esq., of counsel

support of the Motion; and the United States Trustee having appeared by its counsel, Christine

H. Black, Esq, in support of the Motion; and after determining that notice of the motion having

been appropriate and after hearing those parties whose appearances are noted on the record; and

after due deliberation and for good cause shown for the reasons set forth on the record, it is

hereby

    **ORDERED,** that the Motion is granted and the Debtor's case is converted to a

case under chapter 7 of the Bankruptcy Code; and it is further

    **ORDERED,** that the Debtor must comply with the filing requirements of Rule

1019 of the Federal Rules of Bankruptcy Procedure, and it is further

    **ORDERED,** that the Debtor shall, pursuant to Federal Rule of Bankruptcy

Procedure 9001(5) perform all acts required of the Debtor, and it is further

    **ORDERED,** that the Debtor is directed to appear at the meeting scheduled in the

converted case pursuant to 11 U.S.C. § 341(a) and at any adjournments thereof, and it is

further

    **ORDERED,** that the Debtor shall preserve any and all books and records and

make them available to the trustee forthwith.



**Dated: Central Islip, New York**
   **February 14, 2020**

            **Robert E. Grossman**
           **United States Bankruptcy Judge**

**EXHIBIT "D"**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

**HAMILTON ROAD REALTY LLC**   )
                                  )
                                  )CASE NUMBER 19-72596
                                  )

------------------------------------------------------------X

**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HONORABLE ROBERT E. GROSSMAN,**
**May 20, 2019**
**United States Bankruptcy Court**
**290 Federal Plaza**
**Central Islip, New York 11722**

**APPEARANCES:**

**STAN YANG, ESQ., FOR U.S. TRUSTEE**
Office of the United States Trustee
Central Islip Office
Alfonse M. D'Amato
US Courthouse
560 Federal Plaza
Central Islip, New York 11722

**RICHARD S. FEINSILVER, ESQ., FOR HAMILTON ROAD REALTY LLC,**
**DEBTOR**
One Old Country Road
Suite 125
Carle Place, New York 11514

Proceedings recorded by mechanical stenography,
transcript produced by computer.

------------------------------------------------------------X

**AAA Write It Right Transcription**
500 Silver Lane   Oceanside, NY 11572-1941
Phone: (516) 764 3906   Fax: (516) 203-4244

Hearing re:

      [10] Order Scheduling Initial Case Management

conference.

4

1    MR. FEINSILVER:   No, she is president of -- she's

2    managing member of Hamilton Road Realty LLC.

3        THE COURT:   And what does Hamilton Road LLC own?

4        MR. FEINSILVER:   That's it, just this one

5    property.

6        THE COURT:   And it earns no money?

7        MR. FEINSILVER:   Earns no money.   We're just

8    looking to liquidate the property.

9        THE COURT:   So, if it has no money --

10        MR. FEINSILVER:   We filed on the eve of a

11    foreclosure sale, Your Honor.

12        THE COURT:   I understand that.   But what are we to

13    do with a case that earns no money in a Chapter 11?

14        MR. FEINSILVER:   Well, we have the -- the

15    principals will, if we need time the principals are willing

16    to post adequate protection payments individually.   They're

17    willing to put up money to carry this, if necessary.

18        THE COURT:   But why am I keeping this case?   What

19    am I going to do with this case?   There is no

20    reorganization.   It earns no money.   It owes money, it

21    earns no money.

22        MR. FEINSILVER:   We have --

23        THE COURT:   Who lives in the house?

24        MR. FEINSILVER:   It's vacant right now.   We are --

25    if we can put everything in place it's going to be a summer

1    -- I know it's late in the season, it's late May already.

2    But it was previously used as a rental property for summer

3    leasing.  It's all for [inaudible] in the Hamptons.

4          THE COURT:   Have we got a 341 on this?

5          MR. FEINSILVER:   We're doing it today.

6          THE COURT:   All right, I'm going to give you a

7    short adjournment so we can do the 341.

8          MR. FEINSILVER:   Okay.

9          THE COURT:   And then I'm just going to get rid of

10   this.  Unless you've got some reason I'm not keeping this

11   case.  There's no reason for it.  It's a secured debtor, a

12   secured creditor.  And somebody who owns a house with no

13   income.

14         MR. FEINSILVER:   This was a -- this was filed on

15   the eve of sale, Your Honor, we just want to have the

16   opportunity to preserve it. -

17         THE COURT:   But that doesn't make it --

18         MR. FEINSILVER:   It doesn't make it good.  It

19   doesn't make it good or bad, Your Honor, we're just looking

20   for a short window.

21         THE COURT:   You got one, until your 341 is over.

22   And -- June 24.

23         MR. FEINSILVER:   Okay.

24         THE COURT:   There's your window.

25         MR. FEINSILVER:   Thank you.

EXHIBIT "E"

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

**HAMILTON ROAD REALTY LLC**   )
                                    )
                                    )CASE NUMBER 19-72596
                                    )

-----------------------------------------------------X

**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HONORABLE ROBERT E. GROSSMAN,**
**WEDNESDAY, February 12, 2020**
United States Bankruptcy Court
290 Federal Plaza
Central Islip, New York 11722


**APPEARANCES:**

**U.S. TRUSTEE**
    **CHRISTINE BLACK,**
    U.S. Department of Justice
    Office of the U.S. Trustee
    560 Federal Plaza
    Central Islip, New York 11722

**DEBTIR'S ATTORNEY**
    **PABLO BUSTOS, ESQ.**
    Bustos & Associates P.C.
    70 West 40 Street
    8th Floor
    New York, New York 10018

**REPRESENTATING REZA NAGHAVI, INTERESTED PARTY,**
    **WAYNE M. GREENWALD, ESQ.**
    Wayne Greenwald, P. C.
    475 Park Avenue South
    26 Floor
    New York, New York 10016

APPEARANCES CONTINUED:

REPRESENTING SELECT PORTFOLIO SERVICING, INC., AS SERVICER
FOR U.S. BANK NA, AS TRUSTEE FOR THE CHASE MORTGAGE
FINANCE CORPORATION MULTI-CLASS MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006
    ELIZABETH L. DOYAGA, ESQ.,
    Freknel Lambert
    53 Gibson Street
    Bay Shore, New York 11706

    Proceedings recorded by mechanical stenography,
transcript produced by computer.

------------------------------------------------------------X

1  a lack of transparency with respect to what's happening

2  with the money that's going in and out of various bank

3  accounts.  We can't trace it.  We can't follow it.

4       I would respectfully submit that we're --

5       THE COURT:   This is a rental property, correct?

6       MR. GREENWALD:   Correct.

7       THE COURT:   And wasn't one of my concerns where,

8  where's the rents?

9       MS. BLACK:   We don't know where the rents are,

10  Your Honor.

11       THE COURT:   And so we don't anything more today

12  than we did -- sir, if you keep jumping up and down it's

13  going to be a real short hearing, at least for you.

14       We don't know anymore today than we knew the last

15  time.  An unsigned declaration is useless to me.  No

16  import.  You'll get your chance.  Just wait.  Wait.

17       So, the UST's position, which I assume is joined by

18  the bank?

19       MS. BLACK:   Yes, Your Honor.

20       THE COURT:   Okay.  Is that we have a Debtor who

21  fails to comply with the basic procedures of a Chapter 11

22  Debtor in a case that's essentially a two-party dispute,

23  with money that was distributed to a lawyer, post petition.

24  Maybe from the Debtor, without an order of a court.  And

25  unsigned declaration and financial records that we can't

1  make any sense of.

2          MS. BLACK:   That's our thought Your Honor.  And

3  for that reason we think the case should be converted.  And

4  a state fiduciary appointed to reconcile what's going on

5  here.  And act in the best interest for both.

6          THE COURT:   Okay, you go.

7          MR. BUSTOS:   Thank you, Your Honor.

8          MS. DOYAGA:   Your Honor, -- Mr. Bustos is not

9  retained by the Debtor.  He doesn't represent the Debtor.

10  The Debtor is a corporation.  I object to him advocating on

11  behalf of the Debtor.  He does not represent the Debtor.

12          THE COURT:   Okay.  Why are you here?

13          MR. GREENWALD:   I represent a party in party of

14  interest.

15          THE COURT:   Who is the party in interest?

16          MR. GREENWALD:   The party in interest is

17  [Inaudible] and.

18          THE COURT:   So, you represent the principals of the

19  Debtor?

20          MR. GREENWALD:   Yes.  I represent the [inaudible].

21          THE COURT:   Okay.  There is no equity because the

22  thing is under water.  So, what's their interest?

23          MR. GREENWALD:   It will not be the first time that

24  I represent the [inaudible].

25          THE COURT:   Nor the last.  But can somebody

1    I can.

2           THE COURT:   No, he can't.  I'm asking you.  You're

3    his lawyer.  Did he pay the real estate taxes when he was

4    not paying the bank's mortgage?  And don't tell me the bank

5    paid it.  And therefore it's the same as him paying it.

6    Did he pay the real estate?

7           MS. DOYAGA:   No.  During the tenancy the

8    bankruptcy, he had to pay the real estate taxes.  My client

9    made his first [inaudible] to the Town of Southampton on

10   May 14, 2019 in the amount of $6,500.  And another

11   advancements to the Town of Southampton on December 7, 2019

12   in the amount of $6,300.

13          THE COURT:   Okay, so he hasn't.  Right?

14          MR. BUSTOS:   Apparently.

15          THE COURT:   Apparently.  So, I have a Debtor.

16   Doesn't pay the post petition real estate taxes.  Didn't

17   pay the mortgage for years.  It's a two-party dispute.  And

18   U. S. Trustee who I have infinite trust in explains to me

19   that the records you produced are unintelligible and we

20   can't figure out anything.  And there unsigned.

21          So, it seems to me we haven't progressed much.  And

22   we should just let a Chapter 7 Trustee on this.  There's

23   not going to be any benefit to you.  What do you care?

24   It's not going to get anything out of this.

25          MR. BUSTOS:   Well, Your Honor, we have [inaudible]

1    MR. BUSTOS:   1.2 [inaudible].

2    THE COURT:   It would be fine with me if they want

3    to take it.

4    MS. DOYAGA:   But the client is not -- has not

5    accepted that offer.   And their position is their equity,

6    and the Debtor's schedule, from the [inaudible] value of 2

7    million.

8    THE COURT:   Your turn?   Why don't you put it up

9    for a 363 sale?   They can credit it.   You can come in and

10   buy it.   You don't have to worry about this.   Simple.

11   They'll be willing to do it.   They don't have to go through

12   a foreclosure process.   You want to come in and bid.   Bid.

13   You want to bid.   You bid.   Somebody else bids.   They bid.

14   Everybody is happy.   Good idea, right?

15   MR. BUSTOS:   It's not my call to make, but it's --

16   THE COURT:   No, it's my question to ask you.

17   MR. BUSTOS:   It has strengths.   But I think the

18   client [inaudible], but I can't force him.

19   THE COURT:   Well, I'll tell you what.   I'll give

20   your client a couple of options here which are going to be

21   reduced if you keep bothering me.

22   Either we can hurt the case through Chapter 7 and

23   let the trustee sell it.   Or I'll do a 363 sale and let the

24   Chapter 11 Debtor [inaudible] up for sale.   They'll have a

25   credit bid, right?   And we're all happy.   You don't have to

```
 1        `MS. DOYAGA:    Thank you.

 2        MR. GREENWALD:    [Inaudible].

 3        THE COURT:    There's an awful lot of discussion for

 4   a single point question.  Either you want the case for the

 5   Chapter 7 Trustee or you want a 363 sale.  It doesn't take

 6   that much analysis.  Give me one answer.

 7        MR. BUSTOS:    Your Honor, may I [inaudible].

 8        THE COURT:    No, you can't.  All I want from you

 9   lawyers is an answer to my question.

10        MR. BUSTOS:    [Inaudible].

11        THE COURT:    Not him, you.  You're the Debtor's

12   lawyer.

13        MR. GREENWALD:    [Inaudible] the trustee.

14        THE COURT:    You're leaving it up to me.  So since

15   you've left it up to me, and I don't believe I can get the

16   cooperation of the Debtor, we're going to convert the case

17   to a Chapter 7.  The Chapter 7 Trustee will be appointed.

18   All the bank accounts are frozen and the documents are

19   closing as of today.  The Chapter 7 Trustee in consultation

20   with you as the principal.  And the bank will arrange for a

21   sale.

22        MR. BUSTOS:    Can't I be heard?

23        THE COURT:    No, you don't.  You'll submit the

24   order.  Grant the Trustee's motion.  Please submit the

25   order.
```

EXHIBIT "F"

**U.S. DEPARTMENT OF JUSTICE**
EXECUTIVE OFFICE FOR UNITED STATES TRUSTEES

# HANDBOOK FOR CHAPTER 7 TRUSTEES

Effective October 1, 2012



Section 549 - Post-Petition Transfers:  This section recognizes the trustee's right to avoid any transfer of property made after the commencement of the case that is not specifically authorized by the Bankruptcy Code or by the court.  If such a transfer was made voluntarily, the trustee must notify the United States Trustee who will make a referral to the United States Attorney if it appears that there may have been a violation of 18 U.S.C. § 152.  If the transfer was involuntary, the trustee may bring contempt proceedings against the transferee for violating the automatic stay and request damages for any diminution of estate funds resulting from the unauthorized transfer.

Section 553 - Setoff:  This section recognizes the right to offset for mutual, pre-petition, allowed claims and takes such transactions out of the preference category.  The section places limits on the right of the offset as to claims to which the creditor became entitled to within 90 days of the filing of the petition.

Section 724(a) - Fines, Penalties, or Forfeitures:  This section allows the trustee to avoid liens that secure claims for fines, penalties, forfeitures, or multiple, exemplary, or punitive damages, to the extent such claims are not compensation for actual pecuniary losses.  Section 726(a)(4) contemplates that such claims will be paid only after all other timely and tardy claims are paid.

9) **SALE OF ASSETS**

   a. **GENERAL STANDARDS**
   11 U.S.C. §§ 554, 704; 28 U.S.C. § 586.

   A trustee may sell assets only if the sale will result in a meaningful distribution to creditors.  In evaluating whether an asset has equity, the trustee must determine whether there are valid liens against the asset and whether the value of the asset exceeds the liens.  The trustee may seek a "carve-out" from a secured creditor and sell the property at issue if the "carve-out" will result in a meaningful distribution to creditors.  The trustee must also consider whether the cost of administration or tax consequences of any sale would significantly erode or exhaust the estate's equity interest in the asset.  If the sale will not result in a meaningful distribution to creditors, the trustee must abandon the asset.  See Handbook Chapter 4.C.3.e regarding abandonments.

   Section 363(b) permits a trustee to use, sell or lease property of the estate only after notice to creditors and a hearing.  The only exception to the notice requirement is when the contemplated transaction is in the ordinary course of the debtor's business.  The liquidation of estate assets by a chapter 7 trustee rarely falls within the "ordinary course of business exception" because the debtor's operations cease upon the filing of the chapter 7 case.  A trustee, therefore, must comply with the notice and hearing requirements of section 363(b) before liquidating an estate asset.

   The notice of a proposed use, sale, or lease of property of the estate must be provided to the Clerk of the Bankruptcy Court, debtor, United States Trustee, and all creditors.  The following information must be included in the notice:

      1)  Type of sale (private, auction, etc.);

The Bankruptcy Court may approve a sale over objections of a lien holder or any entity with an interest in the property, with liens attaching to the proceeds.

A lien holder cannot be charged with general expenses of administration or the expenses of the case and preservation of the property, except as incurred for the lien holder's benefit. If the trustee can establish that the sale was necessary to the preservation of the lien holder's interest in the collateral, the trustee may be able to recover sale expenses under section 506(c).

**c.  SALE OF JOINTLY OWNED PROPERTY**

Section 363(h) allows a trustee to sell both the estate's interest and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entireties, if specific conditions are met. An action to obtain approval pursuant to section 363(h) to sell jointly owned property must be brought by the trustee as an adversary proceeding. Fed. R. Bankr. P. 7001.

**d.  SALE OF ENCUMBERED PROPERTY**

Generally, a trustee should not sell property subject to a security interest unless the sale generates funds for the benefit of unsecured creditors. A secured creditor can protect its own interests in the collateral subject to the security interest. In certain limited circumstances, however, a trustee may properly sell encumbered property that would generate no proceeds for the benefit of unsecured creditors ("fully encumbered property"). For example, a trustee may be able to satisfy in full a blanket security interest on multiple units of property by selling only one unit. Similarly, a trustee may be able to obtain a higher price from an aggregate sale of assets than from selling the assets individually. In a case with other funds available for unsecured creditors, a trustee also may sell fully encumbered property to eliminate a deficiency, if the secured creditor agrees to waive any unsecured claim for a deficiency in the event the sale does not fully satisfy the security interest.

When selling fully encumbered property, the trustee must administer the sale to avoid a diminution of funds otherwise available for unsecured creditors. 11 U.S.C. § 704, 28 U.S.C. § 586. The trustee should obtain an agreement in writing from the secured creditor to recover the costs of sale from the collateral pursuant to section 506(c). The trustee must disclose the terms of any agreement between the trustee and the secured creditor at the outset, for example, in the notice of proposed sale, and in the trustee's final report and request for compensation and reimbursement of expenses. 11 U.S.C. § 363, Fed. R. Bankr. P. 6004. Any sums recovered from the collateral under section 506(c) are property of the estate and must be deposited in the estate account.

**e.  INTERNET AUCTIONS AND SALES**

A trustee may sell assets through an Internet auction web site. Before conducting a sale on the Internet, the trustee should examine the suitability of using the Internet to sell a particular asset, review the fees charged by Internet auction providers, and

EXHIBIT "G"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | Chapter: 7 |
| HAMILTON ROAD REALTY LLC | Case No. 19-72596 REG |
| Debtor. | NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362 (d)(2) AS TO THE MORTGAGE ON 14 SANDRINGHAM LANE, SOUTH HAMPTON, NY 11568 |

PLEASE TAKE NOTICE that upon the annexed application of Select Portfolio

Servicing, Inc., as servicer for U.S. Bank NA, as trustee, for the Chase Mortgage Finance

Corporation Multi-Class Mortgage Pass-Through Certificates, Series 2006 ("Movant"), by its

attorneys, FEIN SUCH & CRANE, LLP, the undersigned will move before the HONORABLE

ROBERT E. GROSSMAN, UNITED STATES BANKRUPTCY JUDGE, at the UNITED

STATES BANKRUPTCY COURT, 290 FEDERAL PLAZA, COURTROOM #860, CENTRAL

ISLIP, NEW YORK, 11722, on **JULY 27, 2020 at 9:30 in the monring noon of that day**, or as

soon thereafter as counsel can be heard, for an Order pursuant to 11 U.S.C. §362(d)(2), granting

Movant relief from the automatic stay; ; that any conversion of the within case shall not operate as

an automatic stay as against Movant except upon separate order of this Court; and further relief

as to the Court seems just and proper.

Dated: June 11, 2020

FEIN, SUCH & CRANE, LLP
Attorneys for Movant,  Select Portfolio
Servicing, Inc., as servicer for U.S. Bank NA, as trustee, for
the Chase Mortgage Finance Corporation Multi-Class
Mortgage Pass-Through Certificates, Series 2006-A1

By: /s/ *Tammy L. Terrell Benoza*
1400 OLD COUNTRY ROAD, SUITE 103N
WESTBURY, NY 11590
516-394-6921
and
7 CENTURY DRIVE, SUITE 201
PARSIPPANY, NEW JERSEY 07054
973-538-4700

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | Chapter: 7 |
| HAMILTON ROAD REALTY LLC | Case No. 19-72596 REG |
| Debtor. | AFFIDAVIT IN SUPPORT OF APPLICATION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)(2) |

TO THE HONORABLE ROBERT E. GROSSMAN,
U.S. BANKRUPTCY JUDGE:

## APPLICATION

I, __Melissa Braun__, am __Document Control Officer__ for Select Portfolio Servicing,

Inc., as servicer for U.S. Bank NA, as trustee, for the Chase Mortgage Finance Corporation

Multi-Class Mortgage Pass-Through Certificates, Series 2006-A1 ("Movant"). As such, based

on the information provided by Movant on the circumstances contained herein, I affirm the

following under penalty of perjury:

1.     I make this affirmation pursuant to Federal Bankruptcy Rule of Procedure Rule

4001 and 11 U.S.C. § 362(d)(2) in support of this application seeking the entry of an order

modifying and terminating the automatic stay (the "Motion").

## BACKGROUND

2.     HAMILTON ROAD REALTY LLC ("Debtor") filed a voluntary petition under

Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on April 10, 2019 (the

"Filing Date") and an Order for Relief was entered thereupon. On February 14, 2020 the case was

converted to a Chapter 7 bankruptcy.

3.     Movant holds a claim secured by a security interest in certain property now or

formerly owned by the Debtor and located at 14 Sandringham Lane, Southampton, NY 11568

(the "Property").

4.      On or about May 30, 2006, the Morgagors, REZA NAGHAVI and SITARA KHAN, for value received, executed and delivered to the predecessor in interest of Movant a promissory note (the "Note") in which Debtor agreed to repay the sum of $1,100,000.00 to JPMORGAN CHASE BANK, N.A.. Movant is the current holder of the Note. A copy of the Note and any endorsement(s), if applicable, as executed is annexed hereto as Exhibit "A".

5.      On or about May 30, 2006, the Morgagors, REZA NAGHAVI and SITARA KHAN, as security for the repayment of the amount stated in the Note, the Debtor, HAMILTON ROAD REALTY LLC, executed and delivered to the predecessor in interest of Movant a mortgage relative to the Property (the "Mortgage") to JPMORGAN CHASE BANK, N.A.. The Mortgage was intended to secure the indebtedness to Movant under the Note in the aforesaid amount. The Mortgage was recorded in the Suffolk County Clerk's Office. A copy of the Mortgage, as executed and recorded and proof of perfection, is annexed hereto as Exhibit "B".

6.      Said Mortgage was then assigned to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CHASE MORTGAGE FINANCE CORPORATION MULTI-CLASS MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-A1. A copy of the Assignment of Mortgage, as executed and recorded and proof of perfection, is annexed hereto as Exhibit "C". SELECT PORTFOLIO SERVICING, INC. is servicing this loan.

7.      Said mortgage constitutes a lien on the Property.

8.      Movant, as the holder of said Mortgage in the above named case according to the laws of the State of New York and the terms and conditions of said Mortgage, desires to commence and/or continue to foreclose said Mortgage in the Supreme Court of the State of New York.

9.      By reason of the Debtor having filed a petition under Chapter 7 of the Bankruptcy Code with the Court on April 10, 2019, Movant is stayed from proceeding with its foreclosure action.

10.     Upon information provided to me by Movant, the said Mortgage held by Movant is in default in that the Debtor failed to pay the monthly installments thereon commencing in February 1, 2013, and the grace period for such payments has expired.

11.     The total amount due and owing on the Note, as of May 30, 2020 was $1,674,286.82 and said sum remains due together with interest which has continued to accrue from that date plus any other sums advanced by Movant to protect its security in the Property.

12.     Movant has obtained a Broker's Price Opinion ("BPO") dated March 18, 2020 which demonstrates that the Property has an assessed fair market value of $1,600,000.00.  A copy of the BPO is attached hereto as Exhibit "D".

13.     As this is a Chapter 7 Bankruptcy filing, the Property is not necessary for the effective reorganization of the Debtor.

14.     For the foregoing reasons, it is respectfully submitted that the relief requested herein is appropriate and warranted.

WHEREFORE, your Movant prays for the entry of an Order granting relief from the stay and such other and further relief as to the Court may seem just and proper.

DATED: 6/24/20                     By: 

Melissa Braun
Document Control Officer
Select Portfolio Servicing, Inc.

Sworn to before me this
24 day of June , 2020

_____
NOTARY PUBLIC       Amy Norton

State of Utah
County of Salt Lake

Signer: Melissa Braun
Document Control Officer
Personally Known

AMY NORTON
Notary Public State of Utah
Comm. Exp.: Feb 15, 2021
Comm. Number: 693626

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

IN RE:

HAMILTON ROAD REALTY LLC

     Debtor.

Case No.  19-72596 REG

Chapter: 7

---

RELIEF FROM STAY - REAL ESTATE AND
COOPERATIVE APARTMENTS

---

## BACKGROUND INFORMATION

1. ADDRESS OF REAL PROPERTY OR COOPERATIVE APARTMENT: <u>14 SANDRINGHAM LANE, SOUTH HAMPTON, NY 11568</u>

2. LENDER NAME: <u>SELECT PORTFOLIO SERVICING, INC., AS SERVICER FOR U.S. BANK NA, AS TRUSTEE, FOR THE CHASE MORTGAGE FINANCE CORPORATION MULTI-CLASS MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-A1</u>

3. MORTGAGE DATE: <u>MAY 30, 2006</u>

4. POST-PETITION PAYMENT ADDRESS: <u>SELECT PORTFOLIO SERVICING, INC., P.O. BOX 65450, SALT LAKE CITY, UT 84165-0450</u>

## DEBT/VALUE REPRESENTATIONS

5. TOTAL PRE-PETITION AND POST-PETITION INDEBTEDNESS OF DEBTOR TO MOVANT AS OF THE MOTION FILING DATE: <u>$1,674,286.82 AS OF 5/31/2020</u> *(THIS MAY NOT BE RELIED UPON AS A "PAYOFF" QUOTATION.)*

6. MOVANT'S ESTIMATED MARKET VALUE OF THE REAL PROPERTY OR COOPERATIVE APARTMENT AS OF THE MOTION FILING DATE : <u>$1,600,000.00</u>

7. SOURCE OF ESTIMATED MARKET VALUE: <u>BROKER PRICE OPINION</u>

## STATUS OF THE DEBT AS OF THE PETITION DATE

8.  DEBTOR'S INDEBTEDNESS TO MOVANT AS OF THE PETITION DATE:

|   |   |   |
|---|---|---|
| A. | TOTAL: | $1,584,764.38 |
| B. | PRINCIPAL: | $1,091,503.52 |
| C. | INTEREST: | $364,403.29 |
| D. | ESCROW (TAXES AND INSURANCE): | $122,135.54 |
| E. | FORCED PLACED INSURANCE EXPENDED BY MOVANT: | $0.00 |
| F. | PRE-PETITION ATTORNEYS' FEES CHARGED TO DEBTOR: | $0.00 |
| G. | PRE-PETITION LATE FEES CHARGED TO DEBTOR: | $0.00 |

9.  CONTRACT INTEREST RATE: __6.5000__ %
*(IF THE INTEREST RATE HAS CHANGED, LIST THE RATE(S) AND DATE(S) THAT EACH RATE WAS IN EFFECT ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: N/A .)*

10.  OTHER PRE-PETITION FEES, CHARGES OR AMOUNTS CHARGED TO DEBTOR'S ACCOUNT AND NOT LISTED ABOVE:

FEES, COSTS DUE: $7,370.83; (SUSPENSE: -648.80)

*(IF ADDITIONAL SPACE IS REQUIRED, LIST THE AMOUNT(S) ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: N/A .)*

## AMOUNT OF POST-PETITION DEFAULT AS OF THE MOTION FILING DATE

11.  DATE OF RECEIPT OF LAST PAYMENT: ZERO (0) POST-PETITION PAYMENTS HAVE BEEN MADE

12.  NUMBER OF PAYMENTS DUE FROM PETITION DATE TO MOTION FILING DATE: FOURTEEN (13) POST-PETITION PAYMENTS ARE DUE AT THIS TIME. LOAN IS CONTRACTUALLY DUE FOR 02/01/2013

13. POST-PETITION PAYMENTS IN DEFAULT:

| PAYMENT DUE DATE | AMOUNT DUE | AMOUNT RECEIVED | AMOUNT APPLIED TO PRINCIPAL | AMOUNT APPLIED TO INTEREST | AMOUNT APPLIED TO ESCROW | LATE FEE CHARGED |
|---|---|---|---|---|---|---|
| 05/01/2019 THROUGH 08/01/2019 | $9,422.19 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 09/01/2019 THROUGH 05/01/2020 | $9,584.36 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTALS: | $123,948.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

14. OTHER POST-PETITION FEES CHARGED TO DEBTOR:

    A.  TOTAL:       $0.00

    B.  ATTORNEY'S FEES IN CONNECTION WITH THIS MOTION:   $0.00

    C.  FILING FEE IN CONNECTION WITH THIS MOTION:   $0.00

    D.  OTHER POST-PETITION ATTORNEYS' FEES:   $0.00

    E.  POST-PETITION INSPECTION FEES:   $0.00

    F.  POST-PETITION APPRAISAL/BROKER'S PRICE OPINION FEES: $0.00

    G.  FORCED PLACE INSURANCE EXPENDED BY MOVANT:   $0.00

15.  AMOUNT HELD IN SUSPENSE BY MOVANT:    ($0.00   )

16.  OTHER POST-PETITION FEES, CHARGES, OR AMOUNTS CHARGED TO DEBTOR'S ACCOUNT AND NOT LISTED ABOVE:
N/A

*(IF ADDITIONAL SPACE IS REQUIRED, LIST THE AMOUNT(S) ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: N/A .)*

## DECLARATION AS TO BUSINESS RECORDS

I _____Melissa Braun_____, THE _Document Control Officer_ OF <u>Select Portfolio Servicing, Inc., as servicer for U.S. Bank NA, as trustee, for the Chase Mortgage Finance Corporation Multi-Class Mortgage Pass-Through Certificates, Series 2006-A1</u> THE MOVANT HEREIN, DECLARE PURSUANT TO 28 U.S.C. SECTION 1746 UNDER PENALTY OF PERJURY THAT THE INFORMATION PROVIDED IN THIS FORM AND ANY EXHIBITS ATTACHED HERETO (OTHER THAN THE TRANSACTIONAL DOCUMENTS ATTACHED AS REQUIRED BY PARAGRAPHS 1, 2, AND 3, ABOVE) IS DERIVED FROM RECORDS THAT WERE MADE AT OR NEAR THE TIME OF THE OCCURRENCE OF THE MATTERS SET FORTH BY, OR FROM INFORMATION TRANSMITTED BY, A PERSON WITH KNOWLEDGE OF THOSE MATTERS; THAT THE RECORDS WERE KEPT IN THE COURSE OF THE REGULARLY CONDUCTED ACTIVITY; AND THAT THE RECORDS WERE MADE IN THE COURSE OF THE REGULARLY CONDUCTED ACTIVITY AS A REGULAR PRACTICE.

I FURTHER DECLARE THAT COPIES OF ANY TRANSACTIONAL DOCUMENTS ATTACHED TO THIS FORM AS REQUIRED BY PARAGRAPHS 1 ,2 AND 3, ABOVE, ARE TRUE AND CORRECT COPIES OF THE ORIGINAL DOCUMENTS

EXECUTED AT _Salt Lake City_ <CITY/TOWN>, _Ut_ <STATE> ON THIS _24_ DAY OF _June_ <MONTH>, 20_20_ <YEAR>.

X _____ <SIGN NAME>

_Melissa Braun_ <PRINT NAME>

Document Control Officer <TITLE>

<u>Select Portfolio Servicing, Inc., as servicer for U.S. Bank NA, as trustee, for the Chase Mortgage Finance Corporation Multi-Class Mortgage Pass-Through Certificates, Series 2006-A1</u> <MOVANT>

_3217 S. Decker Lake Dr._ <STREET ADDRESS>

_Salt Lake City, Ut._ <CITY, STATE, ZIP CODE>
_84119_

## DECLARATION

I ___Melissa Braun___ , THE ___Document Control Officer___ OF Select

Portfolio Servicing, Inc., as servicer for U.S. Bank NA, as trustee, for the Chase

Mortgage Finance Corporation Multi-Class Mortgage Pass-Through Certificates,

Series 2006-A1, THE MOVANT HEREIN, DECLARE PURSUANT TO 28 U.S.C.

SECTION 1746 UNDER PENALTY OF PERJURY THAT THE FOREGOING IS

TRUE AND CORRECT BASED ON PERSONAL KNOWLEDGE OF THE

MOVANT'S BOOKS AND BUSINESS RECORDS.


EXECUTED AT **Salt Lake City** <CITY/TOWN>,

**Ut.** <STATE> ON THIS **24** DAY OF **June** <MONTH>, 20**20** <YEAR>.

X _____ <SIGN NAME>

Melissa Braun

_____ <PRINT NAME>

Document Control Officer

_____ <TITLE>

Select Portfolio Servicing, Inc., as servicer for U.S.
Bank NA, as trustee, for the Chase Mortgage Finance
Corporation Multi-Class Mortgage Pass-Through
Certificates, Series 2006-A1         <MOVANT>

**3217 S. Decker Lake Dr.**         <STREET ADDRESS>

**Salt Lake City, Ut.**         <CITY, STATE, ZIP CODE>
**84119**



www.RRReview.com
866-876-5095

| Client | Select Portfolio Servicing, Inc. | Group ID | DK2 |
|---|---|---|---|
| Inspection | Exterior | Occupancy | Occupied |
| Effective Date | 03/18/2020 | County | Suffolk |
| Owner | REZA NAGHAVI | Parcel # | 900271000100048001 |
| Address | 14 SANDRINGHAM LN SOUTH HAMPTON NY 11968 | | |
| Correction | | | |

## General Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Type | Single Family | Housing Inventory | Stable | Tax Assessed Value | $0 | Neighborhood Low | $400,000 |
| Location | Suburban | Property Values | Improving | Annual Property Tax | $0 | Neighborhood High | $3,500,000 |
| Ownership Type | Fee-simple | Land Value | $500,000 | Neighborhood Predominant | $900,000 | Typical/Distressed Marketing | 120 / 30 days |

## Listing and Sale Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Currently Listed | No | Current List Price | - | Last Sale Price | - | Prev. List (12 Mos.) | No |
| Listing Date | - | Original List Price | - | Last Sale Date | - | Prev. Sale (36 Mos.) | No |

**Subject Comments** — Subject is a two story, contemporary styled home with a pool and amenities, location support high value in comparison to area aver (See Addendum)

## Comparable Information

| | Subject | Sale 1 | Sale 2 | Sale 3 | Listing 1 | Listing 2 | Listing 3 |
|---|---|---|---|---|---|---|---|
| Address | 14 SANDRINGHAM LN , 11968 | 119 HIGHLAND RD , 11968 | 81 HALSEY STREET (H , 11968 | 128 COLD SPRING POIN RD , 11968 | 10 CROWS NEST CIR , 11968 | 24 SCRIMSHAW DR , 11968 | 51 CHEVIOT RD , 11968 |
| Proximity | | 1.35 Miles | 2.86 Miles | 1 55 Miles | 7.55 Miles | 7.64 Miles | 0.53 Miles |
| DataSource | Tax Records | MLS:1342203 | MLS:3143851 | MLS:3090835 | MLS:3176215 | MLS:3145644 | MLS:3148552 |
| HOA | | - | - | - | - | - | - |
| Fair Market Rent | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 |
| Sale Type | - | Arms Length | Arms Length | Arms Length | Arms Leng h | Arms Length | Arms Length |
| Orig List Price | - | $1,375,000 | $1,499,000 | $1,895,000 | $1,395,000 | $1,600,000 | $1,500,000 |
| Current List Price | - | | | | $1,395,000 | $1,600,000 | $1,500,000 |
| Orig List Date | - | 03/21/2019 | 12/05/2018 | 01/17/2019 | 10/28/2019 | 07/18/2019 | 07/07/2019 |
| Sale Price | - | $1,175,000 | $1,375,000 | $1,630,000 | - | - | - |
| Concessions | - | $0 | $0 | $0 | - | - | - |
| Sale Date | - | 05/31/2019 | 08/22/2019 | 11/14/2019 | - | - | - |
| Financing | - | Conventional | Conven ional | Conventional | - | - | - |
| DOM | - | 71 | 260 | 301 | 143 | 245 | 256 |
| # of Units | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| Style | 2 Story | 2 Story | 2 Story | 2 Story | 2 Story | 2 Story | 2 Story |
| Lot Size | 1.02 acres | 1.51 acres | 0.31 acres | 0.32 acres | 0 83 acres | 0.81 acres | 0.64 acres |
| View | Neighborhood | Neighborhood | Neighborhood | Neighborhood | Neighborhood | Neighborhood | Neighborhood |
| Condition | Average | Average | Average | Average | Average | Average | Average |
| Year Built | 1994 | 1995 | 1900 | 2007 | 1992 | 1993 | 2006 |
| Total Room Count | Rms/Bds/Full/Half 8/3/3/0 | Rms/Bds/Full/Half 9/4/3/0 | Rms/Bds/Full/Half 8/3/2/0 | Rms/Bds/Full/Half 7/3/1/1 | Rms/Bds/Full/Half 7/4/3/0 | Rms/Bds/Full/Half 8/4/3/1 | Rms/Bds/Full/Half 10/4/5/0 |
| Above Grade Sq Ft | 2344 | 2500 | 1500 | 1600 | 2200 | 2100 | 2400 |
| Basement SF | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| % Basement Finish | - | - | - | - | - | - | - |
| Garage/Carport | 0 None | 1 Attached | 0 None | 0 None | 0 None | 0 None | 1 Attached |
| Pool/Spa | Yes | Yes | Yes | Yes | Yes | Yes | Yes |
| Amenities | - | - | - | - | - | - | - |
| Best Sale/List | | | | X | | X | |
| Adjustment for Differences | | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 |
| Adjusted Price | - | $1,176,000 | $1,376,000 | $1,631,000 | $1,396,000 | $1,601,000 | $1,501,000 |
| SP / GLA Per SF | $682.59 | $470.00 | $916.67 | $1,018.75 | $634.09 | $761.90 | $625.00 |

## Comparable Comments (See Page 3)

## Marketing Strategy

| | | | |
|---|---|---|---|
| 30 Day As Is | $1,450,000 | 30 Day Repaired | $1,450,000 |
| 90 - 120 Days "As Is" | $1,600,000 | 90 - 120 Days "Repaired" | $1,600,000 |
| As-Is List Price | $1,655,000 | Repaired List Price | $1,655,000 |
| Estimated Repairs | $0 | | (See following page for repair details) |

## Subject & Neighborhood Information

| | | | | | | |
|---|---|---|---|---|---|---|
| | Zoning: | SFR | Current Use: | Single Family | HOA Fee: | - |
| | Zoning Code: | residential | Projected Use: | Single Family | HOA Amenities: | - |
| Neighborhood Comment | | distant suburban area, higher than typical values noted in area Estimated % of REO Homes: 1%-10%. | | | | |
| Environmental Issues | | No | | | | |
| Functional or Economic Obsolescence | | No | | | | |
| Positive / Negative Features | | subject is close to water front and related amenities | | | | |
| Sewer | | Private | | | | |
| Water | | Public | | | | |

## Repairs – Exterior

| Item | Description | Estimated Cost |
|---|---|---|
| 1. Exterior Finish | - | $0 |
| 2. Painting | - | $0 |
| 3. Windows | - | $0 |
| 4. Roof | - | $0 |
| 5. Structural | - | $0 |
| 6. Landscaping | - | $0 |
| 7. Ou buildings | - | $0 |
| 8. Debris Removal | - | $0 |
| 9. Utility | - | $0 |
| 10. O her | - | $0 |
| **Grand Total for Cost of Repairs** | | **$0** |

## Quality Control Review

| Item | Quick Sale | 90 - 120 Day |
|---|---|---|
| Field "As Is" Price | $1,450,000 | $1,600,000 |
| "As Is" Price Adjusted by Quality Control | $0 | $0 |
| Field "Repaired" Price | $1,450,000 | $1,600,000 |
| "Repaired" Price Adjusted by Quality Control | $0 | $0 |

### Quality Control Comment

Passed QC Review

### Map Comments

This report has passed automated quality control criteria and map qc review.

## Purpose

The purpose of this analysis is to provide a probable sale price of the subject property. This analysis is not to be used in lieu of an appraisal for the purpose of determining whether to approve a mortgage loan. Nothing in this report should be construed as a guarantee of value or condition of the subject property. This analysis is not an appraisal and has not been performed in accordance with the Uniform Standards of Professional Appraisal Practices. This report is for the internal use of the name client listed above, and is to assist in mortgage due diligence and internal decision-making processes. It will not be used for loan origination.

## Addendum

1. **Subject Comments** - Subject is a two story, contemporary styled home wi h a pool and amenities, location support high value in comparison to area average. Based on current social factors, prudence dictates a conservative approach to valuation Zoning: SFR.
Property Type: Vendor agrees with the provided property characteristics.
# of Units: Vendor agrees with the provided property characteristics.
Lot Size (Ac.): Vendor agrees with the provided property characteristics.
Year Built: Vendor agrees with the provided property characteristics.
Room Count: Vendor agrees with the provided property characteristics.
Bed Count: Vendor agrees with the provided property characteris ics.
Ba h Count: Vendor agrees with the provided property characteristics.
Living Sq.Ft.: Vendor agrees with the provided property characteristics.
Basement (Y/N): Vendor agrees with the provided property characteristics.

2. **Sale 1 Comments** - Similar: Beautiful Estate in Shinnecock Hills/Southampton on 1.51 Acres. Gorgeous 2 Story Home with 4 Bedrooms and 3 Baths. Your Open Floor plan Leads you to a Vaulted Living Rm w/Stone Fpl and Dining Area and Granite Chefs Kit, Den/TV Room and Full Bath, Plus a Bedroom. Stairs Lead to Master BR w/Hugh Bath and a Guest BRs and Full Bath. Half the Garage has been Converted to an Office/BR, Lau

3. **Sale 2 Comments** - Similar: Welcome to Katherine's Kottage located on desirable Halsey Street in Southampton Village and set on .31+/- professionally landscaped acre wi h irriga ion. The perimeter is hedged and fenced for privacy. A large front porch welcomes you to this three bedroom, two full bath cottage. Main floor living areas flow among the living room, family room/dining room, eat-in kitchen, mudroom and small full bath. Upstairs is an updated full bath along with the three bedrooms. Amenities include gas heat and c

4. **Sale 3 Comments** - Similar: Custom Built And Designer Decorated. 100% Turn Key. High And Dry

5. **Listing 1 Comments** - Similar: This four bedroom, three bath modern beach house bordering reserve sits perched on a hill in a cul-de-sac on a builders acre. Newly renovated with a living, dining area and kitchen that flow seamlessly as an open concept floor plan. There are two en suite first floor bedrooms with sliders to expansive decking and the wood lined lot. Upstairs is a loft like space with two additional bedrooms one full bath and a media room/den with floor to ceiling panel windows and skylights with gorgeous views,

6. **Listing 2 Comments** - Similar: njoy Southampton's Whalebone Landing Waterfront Community! Addition added and home renovated - four bedroom, three and one-half bath postmodern has a pool plus private beach access and tennis. It offers a living room with a double height ceiling and a fireplace, sliding glass doors that invite

7. **Listing 3 Comments** - Similar: Gorgeous Contemporary Home with 4 bedrooms, 5 Full bathroom, Eat in Kitchen with Stainless Steel Appliances and Granite Countertops. Office, Living Room with fireplace, Spacious Dining Room, Another Living Room or Family Room with sliding doors to gorgeous inground pool area with patio.

---

**STATEMENT OF ASSUMPTIONS AND L MITING CONDITIONS:** This report is subject to following assumptions and limiting condi ions:
1. Assumes hat the title is good and marketable and will not render any opinions about the title.
2. Assumes both tax and MLS data is current and accurate.
3. The preparer is not a surveyor, he or she makes no guarantees, express or implied, regarding accuracy of the properties boundaries, nor any special designa ions, such as Special Flood Hazard Areas.
4. For exterior inspections, the agent has investigated all resources available such as MLS, public records, online data, prior inspections,and information provided by the client to identify the physical characteristics, which includes the interior condition, of the subject property. If reliable information is discovered about the interior condition that is or is not consistent with the exterior condi ion, then the agent has incorporated hat information into their report. Otherwise, the agent has made an assumption that the interior condition of the property is consistent with the observed exterior condition.
5. The report notes any adverse conditions (such as needed repairs, deterioration, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she become aware of during the research involved in performing this report. Unless otherwise stated in this report, there is no knowledge of any hidden or unapparent physical deficiencies or adverse conditions of he property (such as, but not limited to, need repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) that would make the property less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied. The preparer will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the preparer is not an expert in the field of environmental hazards, this report must not be considered as an environmental assessment of the property.
6. The as "Repaired" conclusion is subject to satisfactory completion, repairs, or alterations on the assumption that the completion, repairs, or alterations of the subject property will be performed in a professional manner.

---

This document was created by an independent agent for RRReview. The following me hodology was used with consideration for RRReview policies and any specific client requirements.
**Data Collection:** Public and/or private data was collected and analyzed, including but not limited to all available tax documentation and MLS data, to determine neighborhood characteristics, local market conditions, use, zoning, tax assessments, physical characteristics, transaction history and past or current listing information. Information was then gathered on six other properties that are comparable to the subject property in location, use and dominant features: three that have been recently sold and three that are currently listed for sale.
**Site Inspection:** Per the client instruc ions, the subject property and surrounding neighborhood were inspected and photographed. This inspection may have been of the interior and/or exterior based on the inspection type. The inspection included a review for the condition of the dwelling, improvements, and any other positive or negative features. Any known environmental issues or functional or economic obsolescence are also taken into consideration.
**Reconciliation:** The collected data was then compiled with information collected from the site inspection and compared to the information from the selected comparables. The properties were compared to the subject using he sales comparison approach, which is primarily based upon the principle of substitution. The property condition, market conditions and any other noted positive or negative influences were also considered. The analysis resulted as a single figure or a range of values, as ordered by the client.
**Reporting:** The summary of the results and the data collection, site inspection and reconcilia ion were provided on the appropriate report form as ordered by the client.

---

Please note: Certain state and federal laws may prohibit and/or restrict a real estate licensee who estimates the price/value of real property or may restrict the types of transactions for which the real estate licensee's report can be used. You may wish to confirm with your legal advisor to ensure hat this report is used for an appropriate purpose, as set forth in applicable state and federal law.
Certifications:
The agent and/or broker has certified that they are covered by errors and omissions insurance, to the extent required by state law, for all liability associated with the preparation of this report.
The agent and/or broker who executed this report has no existing or contemplated interest in the subject property.



Subject Property Front View - 14 SANDRINGHAM LN , 11968



Subject Address Verification



Subject Street Scene



Sale 1 Photo - 119 Highland Rd , 11968   $1,175,000



Sale 2 Photo - 81 Halsey Street (H , 11968   $1,375,000



Sale 3 Photo - 128 Cold Spring Poin Rd , 11968   $1,630,000

**Listing 1 Photo - 10 Crows Nest Cir , 11968**   $1,395,00
0



**Listing 2 Photo - 24 Scrimshaw Dr , 11968**   $1,600,00
0



**Listing 3 Photo - 51 Cheviot Rd , 11968**   $1,500,00
0



## Comparable Data Map



| Legend | Property | Distance | Street |
|---|---|---|---|
| x | Subject | 0 Miles | 14 SANDRINGHAM LN , 11968 |
| 1 | Sale 1 | 1.35 Miles | 119 Highland Rd , 11968 |
| 2 | Sale 2 | 2.86 Miles | 81 Halsey Street (H , 11968 |
| 3 | Sale 3 | 1.55 Miles | 128 Cold Spring Poin Rd , 11968 |
| 4 | Listing 1 | 7.55 Miles | 10 Crows Nest Cir , 11968 |
| 5 | Listing 2 | 7.64 Miles | 24 Scrimshaw Dr , 11968 |
| 6 | Listing 3 | 0.53 Miles | 51 Cheviot Rd , 11968 |

### Agent Information

Prepared By Agent: David Guzzetta
Agent Email: mikehage@optonline.net
Broker: David Guzzetta
Distance to Subject: 31.07 miles
Electronically Signed: 3/19/2020 6:16:00 PM

Agent Phone: (631) 331-3100
License Number: 31GU0816173
Expiration Date: 12/23/2020
Years Experience: 22

### Legal Disclaimer

Notwithstanding any preprinted language to the contrary, this opinion is not an appraisal of market value of the subject property. If an appraisal is desired, the services of a licensed or certified appraiser must be obtained.

© 2010 Residential RealEstate Review, all rights reserved.

## CERTIFICATE OF COMPLIANCE

Pursuant to Bankruptcy Rules 8014 and 8015(b), the Brief of the Appellant, Hamilton Road Realty, LLC complies with Bankruptcy Rule 8015(a), except for (a)(1), (a)(3) and the paper requirement of (a)(4).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 24, 2020, **APPELLANT'S BRIEF, APPENDIX WITH EXHIBITS "A"-"G" AND CORPORATE DISCLOSURE STATEMENT PURSUANT TO BANKRUPTCY RULE 8012** were electronically filed with the Clerk of the United States District Court for the Eastern District of New York by using the CM/ECF SYSTEM.

I further certify that on July 24, 2020, I served a true copy of the **APPELLANT'S BRIEF, APPENDIX WITH EXHIBITS "A"-"G" AND CORPORATE DISCLOSURE STATEMENT PURSUANT TO BANKRUPTCY RULE 8012** on the following entities by mailing a true copy of same in a postage-paid envelope and marked with the name and address of each entity to be served, and depositing same in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of each of the addressees indicated below. These Parties were also served

28

via E-mail with these pleadings at their respective e-mail addresses where

applicable:

**OFFICE OF THE UNITED
STATES TRUSTEE**
**560 Federal Plaza**
**Central Islip, NY 11722**
**Attention: Stan Yang, Esq.**
**stan.y.yang@usdoj.com**

**ALLAN B. MENDELSOHN,
CHAPTER 7 TRUSTEE**
**38 New Street**
**Huntington, NY 11743**
**amendelsohn@amendelsohnlaw.com**

**ALLAN B. MENDELSOHN,
CHAPTER 7 TRUSTEE**
**c/o**
**ROSEN & KANTROW, PLLC**
**38 New Street**
**Huntington, NY 11743**
**Attention: Fred Kantrow, Esq.**
**fkantrow@rkdlawfirm.com**

**CHASE HOME FINANCE, LLC**
**c/o**
**REED SMITH, LLP**
**599 Lexington Avenue**
**26th Floor**
**New York, NY 10022**
**Attention: Christopher A. Lynch, Esq.**
**clynch@reedsmith.com**

**CHASE MORTGAGE CORP.**
**c/o**
**REED SMITH, LLP**
**599 Lexington Avenue**
**26th Floor**
**New York, NY 10022**
**Attention: Christopher A. Lynch, Esq.**
**clynch@reedsmith.com**

**JP MORGAN CHASE BANK**
 **c/o**
**REED SMITH, LLP**
**599 Lexington Avenue**
**26th Floor**
**New York, NY 10022**
**Attention: Christopher A. Lynch, Esq.**
**clynch@reedsmith.com**


**JOHN DOE 1-100 Inclusive**
**c/o**
**REED SMITH, LLP**
**599 Lexington Avenue**
**26th Floor**
**New York, NY 10022**
**Attention: Christopher A. Lynch, Esq.**
**clynch@reedsmith.com**

**SELECT PORTFOLIO SERVICING, INC**
**c/o**
**FRENKEL LAMBERT WEISS WEISSMAN**
**& GORDON et. al.**
**20 Lawrence Bell Drive**
**Suite 200**
**Williamsville, NY 14221**
**Attention: Michelle C. Marans, Esq.**

**SELECT PORTFOLIO SERVICING, INC**
**c/o**
**FEIN SUCH, KAHN & SHEPARD, P.C.**
**1400 Old Country Road**
**Suite C103**
**Westbury, NY 11590-5119**
**Attention: Jill A. Manzo, Esq.**
**bankruptcy@feinsuch.com**

**SELECT PORTFOLIO SERVICING, INC**
**c/o**
**FEIN SUCH, KAHN & SHEPARD, P.C.**
**7 Century Drive**
**Parsippany, NJ 07054**
**Attention: Jill A. Manzo, Esq.**
**bankruptcy@feinsuch.com**

U.S. BANK
c/o
PARKER, IBRAHIM & BERG, LLP
270 Davidson Avenue
Floor 5
Somerset, NJ 08873
Attention: James P. Berg, Esq.
james.berg@piblaw.com

U.S. BANK
c/o
PARKER, IBRAHIM & BERG, LLP
5 Penn Plaza
Suite 2371
New York, NY 10001
Attention: James P. Berg, Esq.
james.berg@piblaw.com

REZA NAGHAVI
c/o
WAYNE M. GREENWALD, ESQ.
475 Park Avenue South
New York, NY 10016
grimlawyers@aol.com


Dated: Melville, New York
        July 24th, 2020


                                        /s/ Michael Farina
                                        Michael Farina

31