UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

HAMILTON ROAD REALTY, LLC,

                              Appellant,

        v.

UNITED STATES TRUSTEE, U.S. BANK, N.A., REZA NAGHAVI, TRUSTEE ALLAN B. MENDELSOHN, CHASE HOME FINANCE, LLC, CHASE MORTGAGE CORP., JANE DOES 1 THROUGH 100, JPMORGAN CHASE BANK, NA, SELECT PORTFOLIO SERVICING, INC. as servicer for U.S. Bank, N.A., as trustee, for the Chase Mortgage Finance Corporation Multi-Class Mortgage Pass-Through Certificates, Series 2006,

                              Appellees.

**MEMORANDUM AND ORDER**
20-CV-1746 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

On March 30, 2020, Debtor-Appellant Hamilton Road Realty, LLC filed a notice of appeal of the bankruptcy court's February 14, 2020 order converting the petition from a Chapter 11 case to a Chapter 7 Case (the "Conversion Order"). Debtor-Appellant now moves pursuant to Federal Rule of Bankruptcy Procedure 8007(b) for an emergency stay pending the outcome of the appeal.

## BACKGROUND

Debtor-Appellant filed a Chapter 11 bankruptcy petition on April 10, 2019. (*See* ECF No. 2-1.) The sole asset of the bankruptcy estate is an investment property located at 14 Sandringham Road, Southampton, New York, 11568 (the "Property"). (ECF No. 10 at 1.) Upon motion from the Trustee-Appellee, by order dated February 14, 2020, the bankruptcy court converted the petition from a Chapter 11 case to a Chapter 7 case (the "Conversion Order").

1

(Feb 12, 2020 Hr'ng Tr. ("Tr.") 17:23–18:5, ECF No. 2-5; 8-19-72596-reg (Bankr. E.D.N.Y. Apr. 10, 2019), at ECF No. 56.) On February 28, 2020, Debtor-Appellant moved the bankruptcy court for a stay of the Conversion Order pending appeal. (ECF No. 10 at 2.) That motion was denied on April 24, 2020. (8-19-72596-reg (Bankr. E.D.N.Y. Apr. 10, 2019), at ECF No. 105.) On February 13, 2021, Trustee-Appellee filed a notice of a motion to sell the Property under 11 U.S.C § 363(f). (*Id.* at ECF No. 158.) On February 25, 2021, Debtor-Appellant filed an emergency motion for a stay of the Conversion Order until the resolution of the pending appeal. (ECF No. 10.)

## DISCUSSION

There are four factors to consider before staying the actions of a lower court: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." *Hirschfeld v. Bd. of Elections in City of New York*, 984 F.2d 35, 39 (2d Cir. 1993) (internal quotations omitted). Significantly, "the movant bears the burden of proving that a stay should be granted, and stays pending an appeal are only granted in limited circumstances." *In re Taub*, 470 B.R. 273, 277 (E.D.N.Y. 2012). Trustee-Appellee argues that Debtor-Appellant has failed to meet his burden in moving for an emergency stay. (Mem. L. Opp'n Mot Stay ("Trustee Opp'n") 2–9, ECF No. 14.) The Court agrees.

**I.   Irreparable Harm**

"A showing of probable irreparable harm is the principal prerequisite for the issuance of a [Rule 8007] stay. Irreparable harm must be neither remote nor speculative, but actual and imminent." *In re Taub*, 470 B.R. at 278. Of particular relevance here, a moving party's inexcusable delay in filing a motion for a stay "severely undermines" any argument that

2

irreparable harm would result absent a stay. *Hirschfeld*, 984 F.2d at 39 (denying stay on other grounds, but noting that moving party's inexcusable delay weighed strongly against stay). Here, Debtor-Appellant properly sought a stay of the Conversion Order first in the bankruptcy court, which was denied on April 24, 2020. (8-19-72596-reg (Bankr. E.D.N.Y. Apr. 10, 2019), at ECF No. 105.) However, Debtor-Appellant waited a full ten months to seek relief from this Court.[1] Such a delay in inexplicable given that the Debtor-Appellant has been on notice that a sale of the Property was potentially forthcoming since the day the bankruptcy court issued the Conversion Order on February 12, 2020. (*See* Tr. 16:4–6 (indicating that if the case were to be converted to a Chapter 7 case, the Trustee would sell the Property).) And, more recently, Debtor-Appellant received notice of the motion for an order granting Trustee-Appellee permission to sell the Property on February 13, 2021. (19-72596-reg (Bankr. E.D.N.Y. Apr. 10, 2019), at ECF No. 158.) That same day, the hearing on the motion was scheduled for March 10, 2021. *Id.* Yet despite having notice that the hearing on the potential sale was scheduled for 25 days out, the Trustee-Appellee again waited—this time 12 days—to bring the instant "emergency" motion. (ECF No. 10.) Debtor-Appellant's dilatory efforts to seek a stay is inequitable to the other parties impacted by the bankruptcy proceeding, including the Trustee-Appellee, as well as the Court. *See Hirschfeld,* 984 F.2d at 39 (observing that where "irreparability is a product of the moving party's own delay, [t]his is a delaying tactic that is inequitable to the [other party] and to the courts as well."). As the imminent and irreparable injury is the product of Debtor-Appellant's own delay, this factor weighs against a stay.

---

[1] Debtor-Appellant makes special note that the appeal has been pending before the Court for "almost a year." (Debtor's Mem. L. Supp. Mot. Stay ("Debtor's Mem.") 8, ECF 12-2.) The Court rejects any insinuation by Debtor-Appellant that the Court is responsible for any delay in the resolution of this matter. After filing a notice of appeal, Debtor-Appellant twice failed to timely designate items for the record as required by Federal Rule of Bankruptcy Procedure 8009, which delayed the briefing schedule. The matter was not fully briefed until September 2020. Debtor-Appellant should take care to not misrepresent the record in filings made to the Court.

Here, Debtor-Appellant presses that the bankruptcy court is scheduled to rule on a motion by the Trustee-Appellee to sell the Property on March 10, 2021, which constitutes imminent and irreparable injury as the sale of the Property would render the appeal moot. (Debtor's Mem. L. Supp. Mot. Stay ("Debtor's Mem.") 3–4, ECF No. 12-2.) That, as Debtor-Appellant argues, the appeal may be rendered moot in the absence of a stay is not a bar to finding that the imminent injury factor weighs against Debtor-Appellant. For example, in *Hirschfeld v. Bd. of Elections in City of New York*, the Board of Elections had received an unfavorable judgment from the district court on September 30, 1992, in which they were ordered to place Hirschfeld on the ballot in the upcoming election. *Hirschfeld*, 984 F.2d at 37. The Board of Elections appealed that decision to the Second Circuit on October 28, 1992, one month after the district court's order and six days before election day. *Id.* While the *Hirschfeld* court ultimately denied the motion on other grounds, it noted that it was "clear" that it could have also denied the motion for failure to meet the standard for granting a stay given the Board of Elections' delay in filing the motion, that Hirschfeld would suffer irreparable harm if he was removed from the ballot, and the public interest factors at stake. *Id.* at 40. That the Board of Election's appeal would become moot should the stay not be granted was not considered to constitute irreparable injury because there, like here, the imminence of the irreparable injury was the result of the movant's own delay. *Id.* at 39.

## II. Substantial Possibility of Success on the Merits

In granting a stay, "[t]he single most important factor is likelihood of success on the merits." *In re Taub*, 470 B.R. at 278. The requisite showing of substantial possibility of success is "inversely proportional to the amount of irreparable injury [appellant] will suffer absent the stay." *Id*. Here, the Court has already found that the irreparable injury factor cuts against the stay and therefore, the requisite showing of substantial possibility of success on the merits must

4

be strong. *See Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) ("The necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other [stay] factors.").

The appeal challenges the Conversion Order from a Chapter 11 case to a Chapter 7 case. (ECF No. 1.) An order converting a bankruptcy case for cause is reviewed for abuse of discretion. *In re Lynch*, 795 F. App'x 57, 59 (2d Cir. 2020) (citing *Blaise v. Wolinsky (In re Blaise)*, 219 B.R. 946, 950 (2d Cir. BAP 1998)). "A bankruptcy court abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings," or commits a "clear error of judgment . . . based on all the appropriate factors." *In re Lynch*, 795 F. App'x at 59. Against this standard, Debtor-Appellant has not shown a substantial possibility of success on the merits.

In support of its motion to stay, Debtor-Appellant provides only one argument as to the merits of the underlying appeal—that it has shown a substantial possibility of success on the merits because Debtor-Appellant was not provided proper notice of a motion to sell property of the bankruptcy estate under 11 U.S.C. § 363 at the February 12, 2020 hearing. (Debtor's Mem. 8.) Debtor-Appellant is misrepresenting what occurred at the February 12, 2020 hearing. At that hearing, the bankruptcy court offered Debtor-Appellant the option to put the property up for a sale under § 363 itself, as an alternative to a Chapter 7 conversion. (*See* Tr. 15:15–21.) When Debtor-Appellant stated that it did not want to proceed in that fashion, the Bankruptcy Court converted the case to a Chapter 7 case, ordering that a Chapter 7 trustee be appointed. (*Id.* 15:22–18:5.) Significantly, contrary to Debtor-Appellant's suggestion, no motion to sell the Property was made at the February hearing. Instead, such a motion was not made by Trustee-Appellee until one year later, on February 13, 2021. (8-19-72596-reg (Bankr. E.D.N.Y. Apr. 10,

2019), at ECF No. 158.)  And, it was made with the notice period of 21 days required by Federal Rule of Bankruptcy Procedure 2002(a).  (*See id.* (scheduling hearing on motion to sell for March 10, 2021)); Fed. R. Bankr. P 2002(a).  Debtor-Appellant's motion to stay fails to support a finding that there is a substantial possibility of success on the merits.

Even if the Court considers the arguments advanced in the underlying appeal, the likely outcome remains the same.  A Chapter 11 bankruptcy case may be converted to a Chapter 7 case, or dismissed for cause, whichever is in the best interest of creditors and the estate.  *In re Jenkins*, No. 17-CV-5819 (PKC), 2018 WL 2139209, at *2 (E.D.N.Y. May 9, 2018) (citing 11 U.S.C. § 1112(b)).  Bankruptcy judges have wide discretion to determine whether cause exists to dismiss or convert a case under § 1112(b).  *Lynch v. Barnard*, 590 B.R. 30, 36 (E.D.N.Y. 2018), *aff'd sub nom. In re Lynch*, 795 F. App'x 57 (2d Cir. 2020) ("[Section 1111(b) grants the bankruptcy court broad equitable discretion to grant relief based upon the particular facts and circumstances of the case.").  Here, Debtor-Appellant does not contend that the bankruptcy court lacked cause to either convert or dismiss the Chapter 11 proceeding, as it concedes that there was "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation."  (Debtor-Appellant's Br. ("Debtor's Br.") 10, ECF No. 3 (citing § 1112(b)(4)(A) and noting that "it is clear [this] factor is present here).)  Rather, Debtor-Appellant argues that between the two options—conversion or dismissal—the bankruptcy court should not have converted the matter to a Chapter 7 but instead dismissed the Chapter 11 claim altogether.  In particular, Debtor-Appellant maintains that the bankruptcy court should have dismissed rather than converted the case to Chapter 7 because the case is a two-party dispute and the Trustee-Appellee did not provide sufficient evidence supporting allegations of purported fraud.  (Debtor's Br. 1–2.)  The Court disagrees.

To start, Debtor-Appellant has offered no binding authority for the proposition that whether the case a two-party dispute should be dispositive to this analysis. (*See* Debtor Br. 11–12 (citing two out-of-circuit cases and a bankruptcy court opinion).) Indeed, in determining which option is best suited for the estate, the law directs courts to consider the following ten factors:

> 1. Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal.
> 2. Whether there would be a loss of rights granted in the case if it were dismissed rather than converted.
> 3. Whether the debtor would simply file a further case upon dismissal.
> 4. The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors.
> 5. In assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise.
> 6. Whether any remaining issues would be better resolved outside the bankruptcy forum.
> 7. Whether the estate consists of a "single asset."
> 8. Whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests.
> 9. Whether a plan has been confirmed and whether any property remains in the estate to be administered.
> 10. Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

*In re BH S & B Holdings, LLC*, 439 B.R. 342, 346–47 (Bankr. S.D.N.Y. 2010) (quoting 7 COLLIER ON BANKRUPTCY ¶ 1112.04[6]); *see also In re Babayoff*, 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011) (reciting same factors and observing that there is no "bright-line test to determine whether conversion or dismissal is in the best interests of creditors and the estate").

The bankruptcy court did just that. In rendering its decision the bankruptcy court explicitly noted that Debtor-Appellant was not complying with "basic procedures" required by Chapter 11, was not paying post-petition real estate taxes, had not paid the mortgage for years, was potentially distributing money to a lawyer post-petition without an order from the court, and

7

had produced unsigned and unintelligible records.[2] (Tr. 7:20–25, 13:20–24.) Moreover, apparent from the February 12, 2020 transcript is that the Debtor-Appellant had repeatedly failed to comply with its administrative reporting requirements, and counsel for Debtor-Appellant and its principals were stymying the bankruptcy court's efforts to manage the case by failing to come prepared to the hearing or answer direct questions posed by the bankruptcy court. (*See generally id.*) Therefore, at least several of the Collier factors support conversion, including that conversion would most likely maximize the estate's value as it would allow for the Trustee to reconcile the accounts and prevent money being improperly paid out of the estate, that no Chapter 11 plan had been confirmed as the Debtor-Appellant failed to comply with the basic procedures of Chapter 11, and that conversion was necessary to protect the creditor's interest given instances of misconduct on the part of Debtor-Appellant. (*See id.* 8:4–5; 13:19–14:1; 17:23–18:5.) Instructively, the Second Circuit has found that a bankruptcy court did not abuse its discretion in converting a case to a Chapter 7 proceeding on factors similar to those present here, namely where (1) the debtor's repeated delays caused the bankruptcy estate to incur increased costs and legal fees; (2) the debtor failed to comply with court orders; and (3) it was apparent that the debtor would be unable to obtain a court-approved disclosure statement and confirm a reorganization plan by the deadline imposed by the bankruptcy court. *In re Lynch*, 795 F. App'x at 59–60. Accordingly, here, Debtor-Appellant has not shown a substantial possibility of success on the merits of its appeal—*i.e.*, that the bankruptcy court erred in issuing the Conversion Order.

---

[2] Debtor-Appellant argues that the "United States Trustee implied at the hearing date that there may have been fraudulent activity on behalf of Debtor" and therefore, Trustee-Appellee was required to plead fraud with particularity. (Debtor's Br. 21.) This argument proves too much. An implication of fraud is not a finding of fraud, and in any event, the bankruptcy court specifically found that there had been instances of non-compliance with "basic procedures" of a Chapter 11 case, or in other words, misconduct. (Tr. 7:20–25.)

8

**III.     Public Interest**

Public interest also weighs against granting Debtor-Appellant's motion.  The interest of the creditors in resolving this case as well as the need for judicial efficiency support denial of the stay.  *See, e.g.*, *In re Taub*, No. 08-44210, 2010 WL 3911360, at *6 (Bankr. E.D.N.Y. Oct. 1, 2010) (finding the interest of creditors and need for effective case management warranted denial of stay pending appeal).

*          *          *

Having found that Debtor-Appellant failed to meet its burden to show that it will suffer irreparable injury, it has a substantial possibility of success on appeal, and that the public interest would support a stay, the Court need not undertake an analysis of the degree of injury the Trustee-Appellee or any other interested will suffer if a stay is issued.  *See Hirschfeld*, 984 F.2d at 40 (noting that a stay could be granted even where the court had not considered the possibility of success on appeal, but had determined the other three factors weighed against a stay).

## CONCLUSION

For the foregoing reasons, the motion for an emergency stay of the Conversion Order is DENIED.  Debtor-Appellant shall file a letter with the Court within seven (7) days of the March 10, 2021 hearing, indicating whether the sale has been approved and whether such approval has rendered the appeal moot.

SO ORDERED.

Dated:  Brooklyn, New York                               /s/ LDH
         March 9, 2021                                           LaSHANN DeARCY HALL
                                                                        United States District Judge

9